THE EAGLE WOOLEN MILLS Co., Appellant *v.* THOS. MONTEITH & HARVY D. SMITH, Respondents.

*Appeal from Linn County.*

1. One cannot dispute a title which he sets up, and upon which he bases all his right.
2. The deed of a corporation must be sealed with the corporate seal.
3. Such conveyance must purport to be the act of the corporation.
4. It is not sufficient that an agent declares that he does the act for and on behalf of the principal; the principal must grant the land.

THIS is a suit to restrain the defendants from selling certain real estate upon an execution, then in the hands of the defendant, Harvy D. Smith, sheriff of Linn county, sued out of the Circuit Court in favor of defendant, Monteith, against a corporation called the Linn County Woolen Mills Company.

From 1861 to 1863 there existed a partnership firm called by the same name, viz.: Linn County Woolen Mills Company. On June 19, 1863, nearly or quite all the individuals composing the partnership became stockholders in the corporation of that name then created, and the copartnership ceased on forming the corporation. The property upon which the execution was levied consisted of two parcels of land, one of which included a water power, was the more valuable, and had been occupied by the partnership firm, and afterwards by the corporation known as the Linn County Woolen Mills Compay. The second parcel was conveyed June 1, 1864, by William McHargue and wife, Andrew J. Warren and wife, and A. S. Bassett and wife, to "the president and directors of the Linn County Woolen Mills Company and their successors in office

for the use and benefit of the Linn County Woolen Mills Company."

The first parcel was conveyed May 3, 1861, by Blakely & McHargue and their wives to H. J. C. Averill (and seven others named), trustees of. the Linn County Woolen Mills Company and their successors in office.

It is not shown that any .conveyance was ever made from the copartnership to the corporation of the same name ; but on its formation the corporation came into possession and so continued until the making of the deeds " I " and " S " here-inafter mentioned.

In March, 1865, the factory of the Linn County Woolen Mills Company burned down, and that company, being in embarrassed and failing circumstances, was indebted to divers persons, among whom were the defendant, Monteith, and the grantees named in the deeds marked " I " and " S." The individuals who were then president and directors of the Linn County Woolen Mills Company, with a view to make those grantees preferred creditors, made those two deeds.

The deeds are in the following form :

### "Deed 'I.' No. 4.

" This deed, made the 29th day of March, 1865, between Wm. McHargue, the president of the board of directors of the Linn County Woolen Mills Company, and A. S. Bassett, Claiborne Hill and H. J. C. Averill, the directors of said company, parties of the first part, and John Brown, Wm. B. Smith, Silas Powell and Elias Keeney, parties of the second, witnesseth, that the parties of the first part, for and in behalf of said company, for and in consideration of the sum of three thousand ($3,000.00) dollars paid, the receipt of which is hereby acknowledged, have granted, bargained and sold unto the parties of the second part, the following described premises, to wit:   (Description.)

" In testimony whereof the said Wm. McHargue, as president, as aforesaid, and the said A. S. Bassett, Claiborne Hill and H. J. C. Averill, of the said parties of the first part, for

and in behalf of said Linn County Woolen Mills Company, have hereunto set their hands and affixed their official seals on the day and year herein written.

"Wm. McHargue,    *President.* [Seal.]
CLAIBORNE HILL,    
A. S. BASSETT,    } *Directors.* [Seal.]
H. J. C. AVERILL,    

"Edward R. Geary,    } *Witnesses.*"
E. A. Ellis,    

"*Deed 'S.' No.* 5.

"This indenture witnesseth that we, the president and directors of the Linn County Woolen Mills Company, that is to say: Wm. McHargue, president, and H. J. C. Averill, A. S. Bassett and Claiborne Hill, directors, for the consideration of $1,200, to us paid, have bargained and sold, and by these presents do bargain and sell and convey unto Hugh L. Brown and Edward R. Geary, jointly, the following described premises, to wit: (Description.)

"To have and to hold the said premises, with the houses, tenements and hereditaments thereon and thereunto belonging unto the said Hugh L. Brown and Edward R. Geary, their heirs and assigns, forever. And we, the president and directors of the Linn County Woolen Mills Company, do hereby covenant to and with the said Hugh L. Brown and Edward R. Geary, their heirs and assigns, forever, and (that) said president and directors of the Linn County Woolen Mills Company, is the owner, in fee simple, of said premises; that they are free from all encumbrances, and that the said company will warrant and defend the same from all lawful claims whatsoever.

"Witness our hands and seals this 29th day of March, A. D. 1865.

"Wm. McHargue,    *President.*    [Seal.]
H. J. C. AVERILL,    
A. S. BASSETT,    } *Directors.*    [Seal.]
CLAIBORNE HILL,    

"A. E. Ellis,    } *Witnesses.*"
A. Andrews,

The former of the two deeds describes the parcel of land first mentioned, and the latter the second parcel.

The grantees named in deeds "I" and "S" executed conveyance to the plaintiffs.

The defendant, Monteith, prosecuted his demand against the Linn County Woolen Mills Company to judgment, and issued execution upon which the defendant, Smith, advertised both these parcels to be sold on the 13th of April, 1867, as the property of the corporation, the Linn County Woolen Mills Company.

The complaint alleges that the plaintiff is seized in fee simple of the premises, that plaintiff is now and for a long time has been owner and in possession thereof, and has erected a woolen factory thereon of the value of $100,000. And by way of a more particular specification of title, the complaint asserts that "the said real estate had been by said Linn County Woolen Mills Company sold and conveyed in good faith and for a valuable consideration, by proper deeds, on the 9th day of March, 1865, a part to John Brown, William B. Smith, Silas Powell and Elias Keenay, for the consideration of $3,000, which said deed is marked 'I,' attached to and made a part of this complaint. The residue, on the 29th day of March, 1865, to Hugh L. Brown and Edward R. Geary, for the consideration of $1,200, which said deed is marked 'S,' attached to and made part of this complaint.

The answer denies the allegations of ownership; denies any sale of the premises by the Linn County Woolen Mills Company; denies that deeds "I" and "S" are the deeds of that company.

Alleges property in the Linn County Woolen Mills Company and avers "that the said Linn County Woolen Mills Company has not been divested of the title to said real estate, or any part thereof."

The replication denies the material allegations of the answer, and declares that "It is not true that the said corporation, the said Linn County Woolen Mills Company, had

not been divested of the title to the said real estate mentioned in said plaintiff's complaint." The pleadings contained other averments which it is not necessary here to particularize.

*W. Strong, Cranor & Helm,* for appellants:

A race of diligence among creditors is not fraud. (1 *Ogn.*, 204.) To the position of defendants, that plaintiff has a perfect legal title and could not seek relief in equity, a full answer is found. (*Code, section* 500, *page* 273.) To the claim of defendants, that deeds four and five were not authorized by the company at a meeting of stockholders, it is a full answer that the proof shows that the directors had been accustomed to transact all the business; and *Code, section* 8, *page* 661, settles that question.

That by deeds four and five the property levied on was never in the corporation, as it could only take in its corporate name. (*Ang. & Ames on Corp., sections* 99, 100.)

That the deeds of the directors convey the legal title of the corporation to the grantees, under whom plaintiffs claim. (21 *Pick.*, 417, 428; 13 *Curt., S. C.*, 322.)

That if the deeds are not sufficient to convey the legal title, they do convey an equity that will be protected against a creditor in a judgment subsequent to the date of the attempted conveyance. (*Miller et al.,* v. *W. & W. R. R. Co.*, 36 *Vt.*, 452; 30 *Vt.*, 167.)

*Powell & Logan,* for respondents:

Deeds four and five are not the deeds of the corporation; not executed in the corporate name; have no corporate seal thereon, but are in the name of the president and directors, with their private seals. (10 *Wend.*, 88; 23 *Wend.*, 435; 7 *Cow.*, 452, *n.* 1, 454; 4 *Hill*, 351–7–8, *n.* 359; *Red. on Railways*, 553; *Story on Agency*, 180–1.)

Those officers had no interest in said property by virtue of their office, and hence could not pass any by their private

deed. (*Story on Agency*, 182; 1 *Par. on Cont.*, 119, n. 6:) A corporation can only express consent by its seal. (1 *Black., Com.*, 475.) A body corporate can only act as prescribed by the law enacting it; its agents likewise. (2 *Johns.*, 119; 15 *Johns.*, 358, 383; 2 *Cowen*, 678, 699; 6 *Paige, C.*, 60; 3 *Barbour, ch.* 207; 4 *Paige, C.*, 481; 22 *Cal.*, 150.)

UPTON, J. The plaintiff is not in a position to raise the first point suggested in appellants' brief; that is, that the legal title was never in the Linn County Woolen Mills Company.

The complaint shows the Linn County Woolen Mills Company to have been in possession of the premises, and traces the plaintiff's alleged title through and from that company, and does not claim under any other better or adverse title. In favor of a defendant, possession is a good title against all the world unless a prior possession or better title be shown.

The plaintiff comes into a court of equity praying relief in favor of a title which, from his own statement, comes to the plaintiff through the Linn County Woolen Mills Company.

One will not be permitted to dispute a title which he himself sets up, and upon which he predicts all his rights.

If it were true in fact, and appeared in the case, that the Linn County Woolen Mills Company never had title to the premises, it would be questionable whether a sale under an execution against the property of that company could create a cloud upon the plaintiff's title. It may well be questioned whether it does not devolve on the plaintiff to show affirmatively that the legal title or some other assignable interest is in the Linn County Woolen Mills Company, to enable the plaintiff to maintain this suit; upon the principle that otherwise a sale under the execution would not create a cloud.

The next and principal point made in the case involves a much more important and difficult question, namely: Whether the deeds marked "I" and "S" were effective to transfer the interests of the corporation.

The appellant claims: 1st. That they are the deeds of the corporation and conveyed the legal title; and, 2d. If, from any defect in their form and substance, they come short of conveying the legal title, they convey an equitable interest that should be protected in this suit.

It is claimed that the deeds, considered with reference to the situation of the parties at the time of their execution, show that the parties intended the instruments should operate to convey the property to the grantees in satisfaction of the claims respectively held by them against the corporation, the Linn County Woolen Mills Company. There is reason to believe such was the intention of the officers of that corporation; and if this was a suit against the Linn County Woolen Mills Company, with no intervening interest to complicate the case, that consideration might be decisive, upon the principle that "equity treats a thing as done which ought to be done," and "things agreed to be done as actually performed." Between the plaintiffs and the Linn County Woolen Mills Company, if the officers acting within the range of their duties had placed the plaintiffs in a position in which the plaintiffs were without other remedy, there is no doubt equity would reform the deed or compel a new deed from the corporation.

This case differs in many respects from the suit of a vendee against a vendor, where the vendee has parted with the purchase money in good faith and gone into possession under a defective conveyance. In this case, if the deed is inoperative and void, the debt is not canceled, but is still good in the hands of the plaintiff's grantors against the company.

The transaction was an attempt to obtain a strictly legal advantage on the part of plaintiffs' grantors over the claim of the defendant, by being made preferred creditors. At its commencement the plaintiffs' grantors and the defendant stood upon an equal footing as creditors of the Linn County Woolen Mills Company, each having the right to resort to any legal measures to secure the payment of his claim to the

exclusion of the other. It is not sufficient that the Linn County Woolen Mills Company *intended* to pay one claim in preference to the other. It is only sufficient to give priority that such claim was actually paid.

If the defendant had sued out an attachment intending to levy it, and had actually taken what he thought was the necessary steps to constitute a levy before the execution of the deed, if the levy proved defective, the defect would be none the less fatal because made in good faith, or because the Linn County Woolen Mills Company believed it a good levy and surrendered possession on account of it.

Upon the same principle, if the Linn County Woolen Mills Company intended to divest itself of the legal title in favor of the plaintiffs' grantors, and to make them preferred creditors, and actually did so divest themselves of the title, without fraud, before the defendant Monteith obtained a lien on the premises, Monteith's claim is groundless. But an intention to sell, without an actual sale, would not deprive Monteith of his right as a creditor to levy on the property.

Nor will the fact that the plaintiff has made valuable improvement change the rights of the parties, or create an equity.

When the parties were each simply creditors of the Linn County Woolen Mills Company, their rights and the equity and justness of the claim of each were equal, each resorted to such measures as he thought legal and judicious to secure payment of his demand. In pursuing those measures neither party has reposed any trust in the other, and neither has made himself responsible to the other by inducing the other to act upon his or their representation. If either has acquired any additional legal rights there is no superior equity to prevent the party from having the benefit of the legal right acquired; and the decision of the case must depend on the legal rights of the parties. The legal rights of the parties depend upon whether the instruments marked " I " and " S " are sufficient

to convey the intent of the Linn County Woolen Mills Company to plaintiffs' grantors.

Argument is not necessary to establish the position that the deed of a corporation must be sealed with the corporate seal. But it does not follow that the seal must be of any particular form, or that it must be impressed on the instrument in any particular manner. It may be, like the seals used in this case, the word "seal" surrounded by a scroll. If that is in fact the seal adopted by the corporation as its corporate seal, it is sufficient. In the case of *Mill-dam Foundry* v. *Hovey*, 21 *Pick.*, 417, one of the seals was held to be that of the corporation, although other parties joined in the execution of the instrument, and the seals "consisted of a wafer and a small bit of paper stamped with the common desk seal of a merchant."

If the instrument is in fact sealed by the corporation with their corporate seal, it is immaterial that there are other seals attached to the same instrument, and that there are more seals than there are parties executing the instrument. Nor are words expressly stating that the corporation has affixed its seal indispensable. This is distinctly held in the case above cited.

The case of *Bank of Metropolis* v. *Guttschlick*, 14 *Pet.*, 19, cited by appellant, sustains the position that a corporation may make a binding contract without using its corporate seal, if a case can be said to sustain a position that is not controverted by either party. But it does not intimate that a corporation can make a conveyance of land without using its corporate seal. In that case the important and controverted words were "The Bank of the Metropolis, through the president and cashier, is hereby pledged, when the above sum (that is, the amount of a certain note) is paid to convey the said lot in fee simple to said Earnest Guttschlick, his heirs or assignees for ever." The instrument did not purport to convey land. It was a mere agreement to sell.

The question did not arise whether or not a corporation

could make a conveyance without the use of its corporate seal. It was objected "that the agreement sued on, is averred to have been made by the bank 'through the president and cashier' without averring their authorization by the bank to make it." In determining the question the court say: "When, then, it is averred that the bank, by them, agreed, this averment in effect imports the very thing, the supposed want of which constitutes the objection; because upon the assumption stated, the bank could have made no agreement but by agents having lawful authority. Nay, it would have been sufficient in our opinion, that the bank agreed, without the words 'through the president and cashier,' for it is a rule in pleading that facts may be stated according to their legal effect. Now the legal effect of an agreement made by an agent for his principal, whilst the agent is acting within the scope of his authority, is, that it is the agreement of the principal." The action being assumpsit to recover back money paid in pursuance of the contract, the title having failed, it was objected that plaintiff's remedy was in covenant. The court overruled that objection and says, "although the agreement is under seal, it is not the seal of the corporation but that of the president and cashier."

The cases cited by the appellant do not sustain the position that the deeds of the directors convey the legal title of the corporation, and it may be assumed as settled law that the deeds do not have that effect unless they are the deeds of the corporation.

There are several particulars appearing on the face of the deeds marked "I" and "S" that aid in determining whether they are the deeds of the corporation or the deeds of individuals.

One of these circumstances, and perhaps the least one, is that the number of seals correspond to the number of individuals who describe themselves as "the parties" of the first part. One that appears of weight is, that in the attesting clause they declare, in the one deed, that they "have here-

unto set their hands and affixed their seals," and in the other "witness our hands and seals," using the plural both in regard to the number of seals and the number of individuals executing. But a still stronger indication that it is not the deed of the corporation is that its signers declare, both in the body of the instrument and the attestation, that they act "for and in behalf of the Linn County Woolen Mills Company." If an agent or attorney execute the deed of a principal he must execute it in the name of the principal. (*Spencer* v. *Field*, 10 *Wend.*, 88.)

If this was intended as a deed of the corporation, the corporation should have been one of the parties to the contract. But the four individuals who subscribe their names are declared to be the parties of the first part. They describe themselves the one as president, and the other three as directors, but it is themselves that they declare "have granted, bargained and sold." The language does not import a sale by the corporation, but they declare that *they* have granted, bargained, and sold the premises *for* the corporation. The corporation alone can perform that act. The conclusion is unavoidable that the parties executing the instrument intended the seals used as their individual seals, and not that they were, or believed they were, then attaching the corporate seal to the instrument. In *Stone* v. *Wood*, 7 *Cow.*, 454, Wood describes himself as agent of I. and R. Raymond, but it was held that Wood, and not the Raymonds, was bound. In *Fowler* v. *Shearer*, 7 *Mass.*, 19, the instrument was in this form: "Know ye that I, Abigail Fowler, of, &c., and also as attorney to John Fowler, in consideration, &c., have given." It was held that this was not the deed of John Fowler. Parsons, Chief Justice, said in that case: "If an attorney has authority to convey lands, he must do it in the name of the principal. It is not sufficient that he declares that he does it for and in behalf of the principal; the principal must grant the land or it is not granted."

This doctrine is too thoroughly established to admit of question, and authorities are abundant that sustain the position.

The same rule governs in regard to corporations, both public and private. (*Story on Agency*, sec. 149; *Bank of Columbia* v. *Patterson*, 7 *Cranch*, 299, 388; *Damon* v. *Inhab. of Granby*, 2 *Pick.*, 345.)

The decree of the Circuit Court dismissing the bill should be affirmed.