## Case No. 12,222.

### In re ST. HELEN MILL CO.

[3 Sawy. 88;[1] 10 N. B. R. 414; 8 West. Jur. 597.]

District Court, D. Oregon. Aug., 1874.

Circuit Court, D. Oregon. Aug. 19, 1875.

CORPORATIONS — MORTGAGE — CORPORATE SEAL — STOCKHOLDERS' MEETING—NOTICE—BANKRUPTCY—ASSIGNEE.

1. A corporation cannot execute a deed otherwise than under its seal.

2. A lien by way of mortgage can only be created by a deed under seal.

3. An assignee represents the rights of the creditors and each of them, as well as the bankrupt, and may therefore maintain or defend proceedings in regard to the property of the latter, which, on grounds of public policy or otherwise, he would not be allowed to.

4. A corporation cannot make a deed unless the directors, or a majority of them, meet together as a board, and so determine; and the

only evidence of such meeting and action is the "record" required to be kept by the secretary.
[Cited in Corbett v. Woodward, Case No. 3,-223.]

5. A stockholders' meeting has no authority to elect a president and secretary of the corporation.

6. Meeting of stockholders without notice is invalid.
[Cited in Doernbecher v. Columbia City Lumber Co. (Or.) 28 Pac. 900.]

In bankruptcy.

Joseph Simon and John W. Whalley, for assignee.
William Strong, for creditor.

DEADY, District Judge. On February 21, 1874, the St. Helen Mill Co., a corporation duly organized under the laws of this state, with a board of five directors, and doing business at St. Helen, was duly adjudged a bankrupt, and thereafter H. S. Allen was appointed assignee of its estate.

On March 27, 1874, S. A. Miles made proof of a debt against the estate of the bankrupt of $3,714.28, arising upon the promissory note of the corporation, made under its corporate seal to the order of said Miles, on January 7, 1873, for the sum of $3,239.38, payable one day after date, with interest at the rate of one per centum per month, with security—the security being, as claimed, a mortgage executed by said corporation upon certain lots in the town of St. Helen.

To this proof of debt with security, the assignee made objection: (1) That said pretended mortgage was not executed or acknowledged by the bankrupt. (2) That said pretended mortgage was not executed by the authority of said bankrupt.

The answer to the objections is irrelevant and immaterial.

The facts of the case, as found by the register, are substantially as follows: A few days after the making of the note—which was given in settlement of a previous indebtedness—the creditor asked the directors of the incorporation, or some of them, for security, at the same time giving them to understand that if the debt was secured he would not sue upon it at the following April term of court. The result was, that after some informal conversation between the four persons then acting as directors of the corporation, it was concluded between them that the security should be given, and thereupon an instrument purporting to be a mortgage by the St. Helen Mill Company of certain lots in St. Helen, belonging to it, was executed to the creditor, as follows: "In witness whereof, the said party of the first part has hereunto set their hands and seals the day and year first above written. St. Helen Mill Co. Wm. Pickering. Secretary. (L. S.) James Dart, President. (L. S.)"

Said Dart and Pickering being two of the directors aforesaid, and acting president and secretary of the corporation; and on the same day said Dart and Pickering acknowledged

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]
21 FED. CAS.—11

said instrument "to be their free act and deed," before the county clerk of Columbia county.

At the date of signing this instrument, and for some years previous, said corporation had a corporate seal, and never had adopted or used any other seal upon that or any other occasion, and that said corporate seal was not affixed to said instrument aforesaid; nor did said directors, at any formal meeting, ever consider or authorize the execution of said instrument, or the giving of any security to said Miles whatever.

The capital stock of said corporation consisted of 500 shares, and at the annual meeting of stockholders for the election of directors thereof, on January 6, 1873, there was only 406 shares of said stock represented; and no notice of said meeting was given.

Upon this state of facts the question arises: Is this instrument the deed of the corporation? for if it is not its deed, it is not a mortgage, and is therefore no security for the debt in question. It was an established principle of the common law, that corporations aggregate could only act under their common seal. 1 Bl. Comm. 475; Kinzie v. Trustees of Town of Chicago, 3 Ill. 188. In this country the rule has been much modified, but I know of no case which goes so far as to hold that a corporation can execute a deed otherwise than under its corporate seal. The exceptions to the common law rule are confined to cases of simple contracts, or contracts not under seal. A conveyance of real property by a corporation must be under its corporate seal. Richardson v. Scott R. Co., 22 Cal. 156.

In Angell and Ames on Corporations (section 295) it is said: "To bind a corporation by a specialty it is necessary that its corporate seal should be affixed to the instrument. * * * The corporate seal is the only organ by which a body politic can oblige itself by deed; and though its agents affix their private seals to a contract binding upon it, yet these not being seals, as regards the corporation, it is in such case bound only by simple contract."

In Eagle Woolen Mills Co. v. Monteith, 2 Or. 285, the supreme court held "that the deed of a corporation must be sealed with the corporate seal."

Indeed, counsel for the creditor practically admits that this instrument is not the deed of the corporation, and therefore not a legal mortgage, but insists that it is an equitable one, and therefore entitled to be recognized and enforced in a court of bankruptcy as a security in favor of a creditor.

Where a deed or agreement of sale, absolute upon its face, was intended by the parties as a mortgage or security only, equity will treat it and give effect to it, as such. Such an instrument is sometimes called an equitable mortgage, because equity treats it as a mortgage. 1 Washb. Real Prop. 502, 504, 507.

But in this case, the instrument which the court is asked to treat as a mortgage is in no sense the deed of the bankrupt. "It is impossible to create a lien by way of mortgage, by any instrument which is not a deed under seal. An instrument not thus executed would not be a mortgage, though it might be a contract for a mortgage." 1 Washb. Real Prop. 504. But if it be admitted that this instrument as between the parties to it, would be enforced in a court of equity as an agreement for a mortgage, still it does not follow that such effect can be given to it in this proceeding or in any proceeding between the parties now before the court.

"An agreement to mortgage an estate as a security for a debt, though regarded in some cases as an equitable mortgage, can have no validity against third persons who acquire legal interest in or liens upon the property. * * * Equity may, in some instances, reform an instrument, but it cannot make one." 1 Washb. Real Prop. 514.

Now, since the date of this instrument the property mentioned therein has passed to the assignee. Upon the assignment he took the property in trust for the creditors, to apply the same upon their several claims as they then existed, with or without security. The assignee not only succeeds to the rights and liabilities of the bankrupt, but he also represents the rights of the creditors and each of them; and as such representative, may maintain or defend proceedings in regard to the property of the bankrupt, which, on grounds of public policy or otherwise, the latter would not be allowed to. Carr v. Hilton [Case No. 2,436]; Brock v. Terrel [Id. 1,914]; In re Wynne [Id. 18,117]; Allen v. Massey [Id. 231].

But this instrument is not even the contract of the corporation, and therefore equity would not treat it as an agreement for a mortgage. Upon the facts, it is plain that the corporation not only did not give the creditor a mortgage, but it never agreed to do so. The corporation act provides that "the powers vested in the corporation are exercised by the directors." Code Or. 661. But to act, they or a majority of them must meet together as a board, and that fact, together with their conclusion, must appear from the "record of the official business" of the corporation, which section 9 of the corporation act requires to be kept by the secretary. Gashwiler v. Willis. 33 Cal. 16; The California [Case No. 2,313]; D'Arcy v. Tamar, K. H. & C. Ry. Co., L. R. 2 Exch. 158.

In this case, the record not only fails to show that at any meeting of the directors it was resolved or voted to give the creditor a mortgage or security for his debt, but the testimony of the directors who signed this instrument. affirmatively proves that it was only signed by them in pursuance of an informal understanding among the majority of the directors, and that the subject never came before the directors as a board, or was

acted upon by them at any meeting of the same.

Besides, the directors who signed this instrument as "Pres." and "Sec." were never duly chosen. It appears from the record that the stockholders present at the annual meeting in 1873, after the election of directors, proceeded to elect a president and secretary of the corporation. This was an unauthorized act and void. A stockholders' meeting has no power to elect a president or secretary. The authority to do this is vested in the directors "at the first meeting" after their election and qualification. Code Or. 661; Gashwiler v. Willis, supra. Indeed, the stockholders' meeting at which these directors were elected was illegal, being held without notice, and less than the whole amount of stock represented.

The objections to the proof of debt, with security, are sustained at the costs of the creditor.

Affirmed on petition for review in the circuit court, August 19, 1875.

FIELD, Circuit Justice. Since the demurrer to the petition in this case was argued, I have carefully read the opinion of the district judge upon the questions presented, and I concur fully in its reasoning and conclusions. It presents with clearness and precision the law as to the necessity of a corporation attaching its seal to an instrument to render it operative as its deed; and holds, in accordance with the uniform current of the authorities, that the power to execute a mortgage by its officers can only be conferred by vote of the directors meeting together and acting as a board; and that the only evidence of such vote is to be found in the official record of the corporation. Upon these points I could add nothing to the opinion.