CIST, ADMR., v. BERESFORD, SHERIFF.

ACTION MUST BE REVIVED BY PERSONAL REPRESENTATIVES ON DEATH OF EITHER PARTY.

When a personal judgment, or a decree for the sale of specific real estate, is taken, and the plaintiff dies before the sheriff or other officer levies the writ of execution, or seizes and appraises the specific real estate under the order of sale, the action must be revived in the name of the personal representative of such plaintiff, before the writ or order of sale can be executed.

ON PETITION for writ of mandamus.

SMITH, J.

On January 31, 1871, Finnell obtained in the court of common pleas a decree against P. M. Kennedy and wife, that they were indebted to him in the sum

of $596, and that he had a lien for its payment on certain real estate, and adjudged that unless they did pay in three days, an order issue to the sheriff, commanding him to appraise, advertise and sell the real estate as on execution at law, and make due return of his proceedings. The case was then left off the trial docket, and has since remained off in accordance with sec. 5132.

Finnell died November 1, 1876, and Cist was appointed administrator of his estate soon thereafter. The action has never been revived in his name, nor the death of the plaintiff suggested on the record. On February 2, 1885, the clerk, on the application of the administrator, issued an order of sale on the decree, and the sheriff appraised the property and advertised it for sale. On February 9, 1885, the common pleas court, on motion of the defendant, made an order that the order of sale be recalled. The sheriff, though he still holds the order of sale, refuses further to proceed under it, and the court is asked to require him by a writ of mandamus to proceed and sell the real estate. On demurrer to the petition. showing these facts, the court : *Held :*

That it is the law of Ohio, that where an execution (which includes an order of sale on a decree) comes into the hands of a sheriff to be executed, and he either levies the execution or appraises the specific property under the order of sale, and then either the plaintiff or defendant dies, the officer can proceed fully to execute the command of the writ, and for this purpose, if necessary, an *alias* or *pluries* writ may issue and be executed, and this on the ground that an execution is an entire thing, and cannot be superseded after it is begun. Arnold v. Fuller's Heirs, 1 O., 458, 467 ; Lessee of Massie's Heirs v. Long, 2 O., 287 ; Lessee of Cartney v. Reed, 5 O., 221 ; Great Western Stock Co. v. Saas, 24 O. S., 542 ; Beaumont v. Herrick, 24 O. S., 445 ; Craig v. Fox, 16 O., 563. But the effect of a simple decree of this kind is not the same. And if the plaintiff or the defendant die before the issue of an order of sale, the action abates and must be revived in the name of the personal representative of a deceased plaintiff, before an order of sale can properly issue. Moore v. Ogden, 35 O. S., 430.

Judge J. A. Jordan and Henry M. Cist, for Plaintiff.

McDougall & Longworth and Moulton, Johnson & Levy, *contra.*

---

### CONTRIBUTORY NEGLIGENCE.                                          34
[Hamilton Circuit Court, February Term, 1886.]
Cox, Smith and Swing, JJ.
†P., C. & St. L. R'y. Co. v. Joseph Peters.

1. DUTY OF PERSONS CROSSING RAILROAD TRACK.