# SUPREME COURT

OF

## OREGON.

### MARCH TERM, 1893.

[Argued February 6, 1893; decided March 7, 1893.]

## JACOB BROWN *v.* FARMERS' SUPPLY CO.

[S. C. 32 Pac. Rep. 548.]

MORTGAGE BY CORPORATION.— It is essential to the proper execution of a deed or mortgage by a corporation that it be done in the name of, and in behalf of, the corporation, and under its corporate seal. *Eagle Woolen Mills* v. *Montieth,* 2 Or. 285; *Re St. Helens Mill Co.* 3 Saw. 88, cited.

IDEM — EQUITABLE MORTGAGE.— A defectively executed mortgage may be enforced as an equitable mortgage, but it must appear that the mortgagor agreed to pledge the property mentioned, and that he attempted to carry out the agreement.

MORTGAGE — OFFICERS OF CORPORATION.— The fact that certain persons are officers of a corporation does not authorize them to mortgage the corporate property, unless authorized by the board of directors. *Luse* v. *Isthmus Ry. Co.* 6 Or. 125, cited.

EQUITABLE MORTGAGE — CORPORATIONS.— A mortgage reciting that a certain corporation has conveyed, etc., executed by persons signing themselves respectively "president" and "secretary," sealed with their seals and acknowledged by them personally, but not showing that these persons are corporation officers, or that the instrument is executed by corporate authority, is not the contract of the corporation; nor will such an instrument be enforced as an agreement to mortgage, or as an equitable

mortgage, without proof that the corporation received the consideration, or that the instrument was executed for a corporation debt, or that the corporation was liable for the debt.*

Polk County: REUBEN P. BOISE, Judge.

This is a suit by Jacob Brown and another against the Farmers' Supply Depot Company and one J. L. Hartman, to foreclose a mortgage. The complaint, in substance, alleges that the Farmers' Supply Depot Company is a corporation, organized and existing under the laws of Oregon, and on the thirty-first day of December, 1888, it made, executed, and delivered to the plaintiffs' assignor its promissory note for $1,500, due one year after date; the formal parts of which, as set out in the complaint, are: "We, the Farmers' Supply Depot Company, promise to pay," etc., and is signed "F. S. Barzee, pres., E. S. Cattron, sec. and treas." That, at the same time, in order to secure the payment of the note, the corporation executed and delivered to the payee thereof a mortgage, the formal parts of which are: "This indenture witnesseth: That the Farmers' Supply Depot Company, of Monmouth, Oregon, for and in consideration of the sum of $1,500, to us in hand paid, the receipt whereof is hereby acknowledged, have bargained, sold, and conveyed," etc., and is signed and executed as follows: "Witness our hands and seals this thirty-first day of December, 1888, F. S. Barzee, pres. (seal), E. S. Cattron, sec. and treas. (seal)." The certificate of acknowledgment states that "the within named F. S. Barzee, president of the Farmers' Supply Depot Company, and E. S. Cattron, secretary of the Farmers' Supply Depot Company," personally appeared before the officer taking the acknowledgment, and acknowledged to him "that he executed the same freely for the uses and purposes therein named." The complaint also avers that, by mistake, the corporation

*NOTE.— The question who is liable on an instrument executed by officers of a corporation is presented at length, so far as promissory notes are concerned, in a note to *Matthews* v. *Dubuque Mattress Co.* 19 L. R. A. 676.— REPORTER.

seal was not affixed to the mortgage. To this complaint a demurrer was filed, which, being overruled, defendant Hartman answered, denying the allegations of the complaint, and setting up some new matter not material to be noticed here. A trial resulted in favor of the defendant Hartman, and plaintiffs appeal.

*A. M. Hurley*, for Appellants.

*Ossian Franklin Paxton ( John W. Paddock* on the brief), for Respondent.

Bean, J.—The evidence in this case is directed entirely to proving, or attempting to prove, the existence of the Farmers' Supply Depot Company as a corporation *de facto;* but, as we are of the opinion that the instrument sued on and introduced in evidence is not the mortgage of a corporation, nor, under the allegations of the complaint or facts disclosed by the evidence, can it be treated or enforced as an agreement for a mortgage, we shall pass — and without deciding — the question as to the corporate capacity of the Farmers' Supply Depot Company.

It is essential to the proper execution of a deed or mortgage by a corporation, that it be done in the name of and on behalf of the corporation, and under its corporate seal: Devlin, Deeds, § 334; *Eagle Woolen Mills Co.* v. *Montieth*, 2 Or. 285; *Re St. Helens Mill Co.* 3 Saw. 88; *Brinley* v. *Mann,*, 2 Cush. 337. The mortgage in this case is not executed, nor does it purport to be executed, by or in behalf of the Farmers' Supply Depot Company. It is executed by F. S. Barzee and E. S. Cattron, in their own names, sealed with their seals, and acknowledged by them as their act and deed. It is not even stated in the mortgage that Barzee was the president, and Cattron the secretary and treasurer, of the corporation, or that they were acting, or attempting to act, for the corporation in the execution of the instrument, or that the corporation had in any way authorized such a mortgage to be executed. Indeed, counsel for plaintiffs practically admits

that this instrument is not the deed of the corporation, and is therefore not a legal mortgage ; but he insists that it should be treated as an agreement for a mortgage, and enforced as an equitable mortgage. It is not doubted that a mortgage defectively executed, or an imperfect attempt to create a mortgage, when done in pursuance of a contract between the parties, will, in a proper case, be enforced in equity as a mortgage, or a specific lien upon the property intended to be mortgaged, upon the principle that equity will consider that as done which is agreed to be done: Jones, Mortg. §§ 168, 169 ; *Love* v. *S. N. Mining Co.* 32 Cal. 639. But it is not perceived how this principle can aid plaintiffs in this case, because there is neither allegation nor proof that the instrument in question is the contract of the corporation, or was executed, or attempted to be executed, by its authority. It does not appear that the note and mortgage were executed for a debt of the corporation, or that it received the consideration therefor, or was in any way liable to plaintiffs' assignor at the time the note and mortgage were executed. So far as the facts appear, the instrument may have been executed to secure the individual obligation of Barzee and Cattron, or of some other person, without the knowledge or consent of the corporation.

The fact that Barzee and Cattron may have been officers of the corporation did not authorize them to create a lien upon the corporate property by the execution of a mortgage, unless authorized by the corporation: *Luse* v. *Isthmus Transit Ry. Co.* 6 Or. 125. In order that a lien may arise by reason of a defectively executed mortgage, it must appear that the instrument was attempted to be executed by the mortgagor, or his duly authorized agent, in pursuance of an agreement indicating an intent that the property described or rendered capable of identification, is to be held, given, or transferred, as security for an obligation or debt of the mortgagor. No such fact appearing in this case, it follows that a court of equity cannot, on this record, decree this instrument to be an

equitable mortgage, and the suit must be dismissed; but, as this conclusion is reached on account of a failure of allegation and proof, such decree will be made without prejudice to another suit by plaintiff for the same cause, if he shall be so advised.