## H. H. LUSE, APPELLANT, v. THE ISTHMUS TRANSIT RAILWAY CO., RESPONDENT.

FINDINGS BY THE COURT, PRACTICE CONCERNING.—Where there is a failure in the findings of fact by the court, to find upon material matters, the party wishing to take advantage of such failure to find, should apply to the circuit court for a further and more specific finding on such matters, or procure them to be embodied in a bill of exceptions.

PRESIDENT AND AGENT OF CORPORATION, POWERS OF.—A railroad corporation conferred upon its president, by a by-law, authority to act as "business and financial agent" of the corporation. Thereafter, such officer executed, under the corporate seal, a mortgage upon a locomotive belonging to the corporation, to secure a debt of the corporation: *Held,* that the authority of the president was confined to the ordinary business of the corporation; that the execution of the mortgage was without the scope of his authority, and that such mortgage was not a lien upon the property in question.

APPEAL from Coos County.

The respondent is a private corporation, with William Utter as its president. In addition to the powers conferred upon such officer by the general incorporation act of the state, he was business and financial agent of the corporation by one of its by-laws. As such president and agent, he executed a promissory note and mortgage upon one of the locomotives of the corporation, in favor of the appellant.

This action was brought to recover, under the mortgage, possession of the mortgaged property. By consent of the parties, the cause was tried by the court.

Among other facts, the court found that there was no order or direction of the directors of the corporation to Utter to execute the note and mortgage, and that at the time the mortgage was executed the property mortgaged was used on the railroad of the corporation. As conclusions of law, the court found that Utter exceeded his authority in executing the mortgage, that such mortgage created no lien upon the property in question, and that the appellant was not entitled to recover its possession.

The respondent recovered judgment and the appellant appealed.

The grounds of error relied upon in the appeal are stated in the opinion of the court.

*S. H. Hazard, W. W. Thayer and R. S. Strahan,* for appellant:

When trial is had by the court the findings must cover every material issue made by the pleading, and the conclusions of law must be consistent with the findings. (19 Cal. 102; *Bayley* v. *Clark and Chambers,* 2 Id. 305–474; 28 Id. 305; 15 Wisc. 259; 29 Mo. 21.)

The fourth finding is insufficient. It does not find as a matter of fact whether the respondent did or did not execute the note and mortgage described in complaint. Upon this point the finding ought to be explicit—not left to any kind of conjecture or inference. The defendant did or did not execute those papers, and this was the ultimate fact to be found by the court. The matter contained in said finding, viz.: "That at said date said William Utter, president and agent aforesaid, executed a promissory note in writing to plaintiff, to cover the indebtedness mentioned in the second finding, and at the same time to secure said note," executed the mortgage, were circumstances to be weighed by the court in reaching a conclusion on the ultimate fact to be found by the court. But they are only matters of evidence, and not the ultimate fact alleged in the complaint and denied by the answer.

The fifth finding is also wholly defective and insufficient. It simply finds "that there was no order or direction of the directors of said defendant to said William Utter to execute said note or mortgage." This is not a finding upon the ultimate fact in dispute—the one which must be decisive of the rights of the parties to the action. The question is, did the defendant execute the papers described in the complaint? Upon that question there is no finding whatever. (Angell & Ames on Corp., sec. 224.)

This finding does not amount to a complete negation of authority in Utter to execute the note and mortgage described in complaint. It was not necessary to his authority that he should have had either the order or direction of the directors; simply permission, express or implied, or recognition thereof afterwards, was enough. In conferring

authority by a principal upon an agent, it is scarcely ever done either by an order, direction or command. (16 Conn. 398; 17 Ill. 40, 272.)

The agency may be created either by the express words or acts of the principal, or it may be implied from his conduct and acquiescence. (Story on Agency, sec. 45.) And so, in relation to the nature and extent of the authority. (7 Hill, N. Y. 95.)

The court ought to have found that the defendant did make the payment described in complaint, and it ought then to have declared the effect of such payment. We claim that such recognition and payment amounted to a ratification, even though there may have been no original authority. (Story on Agency, secs. 55, 56, 92.) The third finding of fact is the finding of a general agency. In such case the principal will be responsible for all acts ostensibly within the authority of the agent. (1 Story on Contr., sec. 134; Story on Agency, secs. 126, 127.) Corporations are responsible for the acts of their agents in like manner and with like effect as natural persons. (*Fink* v. *Canyon Road Co.*, 5 Or.; Angell & Ames on Corp., secs. 224, 231, 281, 282, 284, 286, 292, 293, 297, 298, 299; Story on Agency, sec. 26, 52, 53, 54, 61, 73, 74, 100, 102, 105, 106.) Corporation may ratify act of agent same as natural person. (5 Hill, N. Y. 137; Angell & Ames on Corp. 304.)

*J. M. Thompson,* for respondent:

As to the first ground of error, there is no issue made in the pleadings in relation to the payment of the five hundred and eighty-two dollars and seventy-two one-hundredths. The powers vested in the corporation are exercised by the directors or by their officers or agents under their direction. The president shall preside at all meetings of the directors, and perform such other special duties as they may prescribe. (Mis. Laws, 526, sec. 9.) This confines his authority simply to presiding at the meetings of the board, and he can do nothing else by virtue of his office, except by special authority of the directors.

A general agent is not clothed with unlimited powers,

but only with authority to act generally within the scope, practice, usage and course of business, but no authority goes so far as to authorize an agent of a railroad company to mortgage its property to secure a pre-existing debt, an act that could only be done by the directors at a meeting called in accordance with the by-laws. (Dunlap's Paley's Agency, 156, 200.)

The corporate powers can only be exercised by the directors when duly assembled, acting as a board. Conferring authority to sell and convey the property of the corporation is the exercise of a corporate power (see *Gashwater* v. *Wilson*, 33 Cal. 16; also 38 Cal. 590); and the authority to mortgage is as high a power as to sell and convey.

Where the agent of a railroad corporation assumes to make a contract in relation to the business of the company beyond the ordinary line of his employment, such contract will not bind the company, although he may become personally liable. (2 Red. on Rail. 114, sec. 4; Angell & Ames on Cor. sec 303.)

The general agent of a corporation is not authorized to sell or convey the real estate, or to mortgage or pledge, as a security for a loan, the machinery of the company, or to create a loan on the property of the corporation for the security of its debts without specific authority from the board of directors, though it may be incidental to his power as agent to borrow money, give promissory notes, and do many other acts in the ordinary course of its business. (Angell & Ames on Cor. sec. 298; 2 Red. on Rail. (3d ed.) 582; 7 Conn. 219; 19 La. Ann. 202; 12 N. H. 205; 8 Head. 619; 1 Cas. Cor. 613; 20 Vt. 446-7; 12 Mass. 241-2; Abb. Dig. Law Cor. p. 8, sec. 60; p. 236, secs. 229, 230, 233.) Officers of corporations are special, not general agents, and persons dealing with such officers are charged with notice of the authority conferred on them. (52 Barb. 399; Story on Agency; sec. 73.) The secretary and treasurer of a corporation have no right to make loans or borrow money for the corporation without special authority. (60 N. Y. 533.)

The president and cashier of a corporation, unless specially authorized by the board of directors, have no power

to assign its shares in action to its creditor as security for the payment of a precedent debt, and an assessment so made is absolutely void.  They have no right to do any act requiring the use of the corporate seal without the assent and authority of the board of directors; and whether the purchaser acts *bona fide* or not makes no difference.  The case stands on the same footing as if no assessment had been made. (5 N. Y. 320, 336.)  If the ratification by the corporation of the unauthorized contract of their agents consist in their having received the consideration of the contract, it must be proved that the corporation, through its proper officers, knew the terms of the contract, and upon what account the money was received by them. (Angell & Ames on Cor., sec. 304; 20 Cal. 602; 8 Gill & J. 248; 20 Md. 117; 34 N. H. 230; 8 Mich. 526; 26 Mo. 102; 4 Robt. 675; Abb. Dig. Law. Cor. 674–5, secs. 18–20.)

By the Court, SHATTUCK, J.:

The assignments of error in this case are substantially as follows: 1. The court erred in failing to find that a payment had been made on said mortgage, the particulars regarding the same, as to when and by whom made;  2. The court erred in omitting to find that Wm. Utter had done the entire business for said defendant since its existence, and drawn drafts and promissory notes in its name, and with its consent; 3. The court erred in its conclusions of law.  The arguments of appellant's counsel assumes and suggests that the circuit court should not merely have found that Wm. Utter was president and business and financial agent of the corporation under the by-laws, but should also have set out in the finding the by-laws themselves, so that the court might interpret them, and determine therefrom the nature and extent of Utter's authority; that the by-law was a fact in itself to be considered and found, and that without this fact no correct conclusion of law, relative to the authority of the agent, can be formed.  The counsel also assumes and suggests that the circumstances attending the alleged payment on the note ought to have been set out and found in detail, and that the court should have decided the effect

of such payments to be a ratification of Utter's act in executing the mortgage.

We find nothing in this record to sustain these positions of counsel. Every material issue made by the pleadings has been met and determined by the findings of the circuit court. The main issue was the authority of Utter to execute the mortgage. The findings of the court are in effect that there was a by-law making Utter business and financial agent of the corporation, thereby conferring such powers only as are incident to the office of president, and implied from the terms "business and financial agent," and the court also finds that there was no special order or direction by the directors of the corporation to Utter to execute the mortgage.

The pleadings admit the payment without any averment on either side concerning time or circumstances, so that, as to payment, there was no issue, and the court had nothing to find. If there was in the by-laws of the corporation any express grant of general authority to the president to mortgage the property of the corporation, or any power conferred which the finding of the court does not imply, or if there was in the conduct of the corporation, relative to the payment or relative to Utter's management of its affairs, anything in the nature of acquiescence in or ratification of Utter's acts in making this mortgage more than is implied from the admitted fact of payment, which counsel desired should appear in the record, they should have applied to the circuit court for a further and more specific finding on these matters, or procured them to be embodied in a bill of exceptions. Now, if these particular matters appear to be necessarily involved in the issues made, or to be suggested by the pleadings, they were matters arising in the evidence, if at all; and the mere failure by the circuit court to find them in detail is no cause for reversing the judgment. The appeal must be decided by what the pleadings and the findings of the circuit court disclose.

Assuming that Wm. Utter, in the capacity of president, and financial agent, and pretending to act for the corporation; in its name and using its corporate seal, executed the

mortgage set out in the complaint, the question of the authority of Utter, and the validity of the mortgage, as a lien on the property of the corporation, is to be determined by the third and fifth findings of the circuit court. These findings in effect say that Utter, at the date of the mortgage, was president and business and financial agent of the corporation; and that there was no order or direction of the directors of the corporation to Utter to execute said note or mortgage. Do these findings authorize the conclusion that Utter had authority to mortgage the locomotive in question? If they do the judgment should be reversed. Otherwise it should be affirmed. The solution of the question requires a determination of what authority is implied by the terms "president, business and financial agent of the corporation."

Referring to the general incorporation law of this state, section 9, we find that the president of a corporation is authorized to preside at the meetings of the directors, and "to perform such other special duties as the directors may authorize." By section 11, he is authorized to act as inspector of corporation elections, and to certify who are elected directors. No other authority seems to be conferred by the general law, on the president of the corporation. All other authority, except to preside at the meeting, be inspector of elections, and certify who are elected directors, must be derived from some by-law of the corporation, or some special order, or must be implied by some acquiescence or ratification on the part of the corporation, whose powers under our law are exercised by the directors.

In this case then, the fact that Utter was president did not, itself, imply the authority claimed for him. What power he had must be found confirmed, as this case is presented, by the by-laws. These simply appoint him, according to the finding, "business and financial agent." Do these terms imply an authority to mortgage the property of the corporation? A great variety of acts may unquestionably be included within the function of a "business and financial agent." But this court in *Fink* v. *The Canyon Road Co.*, 5 Or. 305, indicated what ought to be the limitation of the authority of such agents. It said, "Corporations

are certainly bound by their simple contracts, and by other acts of their officers and agents made and performed in the discharge of their ordinary duties; and the courts have carried this doctrine so far as to hold, that they may take notice of the general nature of the duties of a cashier, in and about a banking office, and without evidence of usage or express authority, hold him authorized to do all incidental acts necessary to the performance of those general duties. (*Watson* v. *Bennet et al.*, 12 Barb. 196.) This case presses closely upon the very verge of the law, and further, we think the courts ought not to go."

The doctrine here recognized is that the acts of a general agent, which will be binding on the corporation without express and special authority, and acts done in the discharge of "ordinary duties." And Mr. Redfield holds, 2 Redfield on Railways, 582, that the general business agents of a company have only authority to transact those functions of the company which come under the general denomination of business. All the business of a company does not imply anything but ordinary business, "what is called the proper business of such a company," that is, in the case of a railway, the construction and operation of their road. It requires no argument or evidence, we think, to render it apparent that this attempt of Utter to mortgage—in effect to sell—the locomotive which was in actual use on the company's road, for a precedent debt, was beyond and outside of the ordinary business of the corporation. It was not necessarily incident to the construction or operation of the company's road, but was rather a stride in the direction of annihilating its business, and defeating the operation of the road.

The use of the corporate seal by Utter in his attempt to execute this mortgage, does not add anything to the validity of the instrument, when its validity, as the deed of the corporation, is disputed. It seems to be assumed, in this case, that the instrument was one that ought to be executed under the corporate seal, and something seems to be claimed for the instrument, because it was so executed. But the corporate seal affixed does not make the writing the con-

tract of the corporation, unless it was affixed by authority, (Angell and Ames on Corp., secs. 223–24), and the courts have held that "it is safe to say that when the sale, assignment, or transfer of the property of the corporation requires the use of the common seal, it cannot be made without the assent and authority of the board" of directors. (*Hoyt v. Thompson,* 5 N. Y. 335.)

There was, then, no error in the conclusions of law found by the circuit court, and the judgment below should be affirmed. It should be stated, however, that we do not understand that the question as to the validity of the promissory note referred to in the pleadings, or of the debt evidenced thereby is involved in this appeal, and upon that point we express no opinion.

Judgment affirmed.