Argued 17 January; decided 5 March, 1900.

## CRAWFORD *v.* ALBANY ICE COMPANY.

[60 Pac. 14.]

1: NOTES—OFFICERS' AUTHORITY TO EXECUTE NOTES.—Where the president and secretary of a corporation had no direct authority to sign a note on its behalf, and it did not appear that the corporation had issued other notes, or that such officers had ever attempted to bind it by contract, such note was executed without authority, though the corporation was authorized by its charter to execute notes; since such officers' authority could be derived only from a bylaw, special order, acquiescence, or ratification of the corporation: *Luse* v. *Isthmus Ry. Co.* 6 Or. 125, applied.

2. RATIFICATION BY CORPORATION.—Where the president and secretary of a corporation, constituting two of its five directors, executed without authority a note on behalf of the corporation for services rendered it, the fact that two other directors never expressly disaffirmed or objected after they obtained knowledge thereof is not a ratification by the corporation, especially where the note is held by one of the directors who signed it: *Finnegan* v. *Pacific Vinegar Co.* 26 Or. 152, distinguished.

From Linn : GEO. H. BURNETT, Judge.

Action by J. A. Crawford against the Albany Ice Company on an alleged promissory note of the corporation. Being nonsuited because the court did not consider the writing as the note of the company, plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. W. R. Bilyeu*.

For respondent there was a brief over the name of *Weatherford & Wyatt*, with an oral argument by *Mr. J. R. Wyatt*.

MR. JUSTICE BEAN delivered the opinion of the court.

1.   This is an action upon a promissory note for $255, dated January 24, 1894, payable six months after date to the order of Charles F. Casey, and alleged to have been made by the defendant corporation, through its president, J. A. Crawford, the plaintiff herein, and J. R. Stockman, its secretary, and assigned by Casey to the plaintiff. The answer put in issue the allegation in the complaint that the note was made by the defendant, and for an affirmative defense alleged that Crawford and Stockman had no authority from the corporation to sign or deliver the promissory note, or any note, or to contract any debt or liability against the company, and that the note is therefore void. The reply denied the averments of the answer, and upon the trial the plaintiff was nonsuited on account of a failure of proof. It appears from the testimony that the defendant was incorporated in April, 1889, "to engage in the manufacture and sale of ice ; also to buy and sell real property, and to mortgage the same, as well as to convey such real property by deed ; to draw bills of exchange and to sign promissory notes ;" and its stockholders immediately organized by the election of five directors, by whom the plaintiff was chosen president, and Stockman secretary, of the corporation. From that time until the twenty-fourth of January, 1894, when the note in question was executed, the corporation was engaged in the manufacture and sale of ice, and during such time no meeting of the stockholders was held, and but one meeting of the board of directors, which was on the thirtieth of April, 1889, for the purpose of electing "a vice president and manager of the company, whose duty it should be to act and preside in the absence of the president, and to assume the general management of the business affairs of the company," at which meeting E. J. Lanning was

chosen vice-president and manager, although it seems that the business was subsequently conducted by Stockman. No bylaw or resolution was ever adopted by the corporation authorizing its president and secretary or any one else to make and execute promissory notes for or in its behalf; but it is admitted that the note sued on was signed by the persons whose names are affixed thereto, and that they were, respectively, the president and secretary of the defendant, and constituted two of the five members composing its board of directors. It is elementary law that the president and secretary of a corporation, as such, have no power to bind the corporation by the execution of promissory notes or other contracts, but such authority "must be derived from some bylaw of the corporation, or some special order, or must be implied by some acquiescence or ratification on the part of the corporation, whose powers, under our law, are exercised by the directors :" *Luse* v. *Isthmus Transit Ry. Co.* 6 Or. 125, 131 (25 Am. Rep. 506); *Blood* v. *La Serena L. & W. Co.* 113 Cal. 221 (41 Pac. 1017, and 45 Pac. 252); *Lyndon Mill Co.* v. *Lyndon Literary & Biblical Inst.* 63 Vt. 581 (22 Atl. 575); *People's Bank of New York* v. *St. Anthony's Catholic Church,* 109 N. Y. 512 (17 N. E. 408); *Leggett* v. *New Jersey Mfg. & Bank. Co.* 1 N. J. Eq. 541 (23 Am. Dec. 728); *Dabney* v. *Stevens,* 40 How. Prac. 341. It is expressly admitted that Crawford and Stockman had no direct authority from the corporation to execute the note, and there is no evidence of an implied authority to do so. So far as the record discloses, this was the only promissory note ever executed by them or any one else for or in behalf of the corporation, and is the only instance in which such officers attempted to bind it by contract. There is, therefore, no room for the argument that the note was executed by the express or implied authority of the corporation.

2.   But the the main contention of the plaintiff is that
its execution was subsequently ratified.   Upon this point
the evidence and the offers to prove show that the note
was given to Casey for a debt due him from the corpora-
tion for labor and services rendered, and that two of the
five directors, besides Crawford and Stockman, subse-
quently knew of its execution, and never expressly dis-
affirmed or objected to it.   But this is not sufficient evi-
dence of a ratification to bind the corporation.   A ratifica-
tion by a principal of the unauthorized acts of an agent
must be shown either by express words or by some act
or conduct on his part, after full knowledge of the facts,
inconsistent with any intention other than the adoption
of such act as his own ; and, in case of a corporation, by
proving that the officers who had the power in the first
instance to authorize the act, with a full knowledge on
their part of all the material facts, adopted it as the valid
act of the corporation.   It is true, such a ratification need
not be in express words, but may be inferred from corpo-
rate acts inconsistent with any other supposition than
that the corporation intended to adopt the acts done in
its name ; but the burden is upon the party who relies
upon the ratification to prove that the proper officers of
the corporation, having such knowledge, acquiesced in
and adopted the acts of the agent ; and there is no proof
of that character in this case : *Murray* v. *Nelson Lum.
Co.* 143 Mass. 250 (9 N. E. 635); *Howe* v. *Keeler*, 27 Conn.
538.   Where, as in *Finnegan* v. *Pacific Vinegar Co.* 26 Or.
152 (37 Pac. 457), the proper corporate officers, with full
knowledge of all the facts, accept the benefits or consider-
ation of an unauthorized contract made in its behalf by
one of its officers, the corporation thereby adopts the act as
its own, and its assent and ratification will be presumed ;
but here the note was given on account of a pre-existing
debt, and, if it was unauthorized at the time, the mere fact

that the officers of the company may have known of its execution, and did not expressly disaffirm it, would manifestly not make it the binding obligation of the corporation in the hands of one who took with full knowledge of the circumstances under which it was executed, as is admitted in this case. The judgment of the court below must therefore be affirmed, and it is so ordered.

AFFIRMED.