Argued July 27, decided August 1, 1911.

## PEEK *v.* SKELLEY LUMBER CO.

[117 Pac. 413.]

CORPORATIONS—PRESIDENT—POWERS—SIGNATURE OF NOTES.

A by-law giving the president of a corporation general charge, subject to control by the directors, of the corporate business, authorizing him to sign notes, but withholding power to incur a debt without the directors' consent, authorizes him to execute a note for liability incurred by the corporation and adjusted by it.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by G. W. Peek against the Skelley Lumber Company, a corporation, to recover on a promissory note for the sum of $1,389.38. Defendant is a corporation organized under the laws of Oregon, doing business in Douglas County. Plaintiff had sued defendant

in Douglas County and also in San Francisco, California, upon an alleged debt of about $4,000. On February 10, 1909, while these actions were pending, the subject of the litigations was compromised between them for the sum of $1,350, for the payment of which defendant issued to plaintiff its draft upon itself, payable at McKeesport, Pa. John K. Skelley was the president and general manager of defendant company, and resided and had his office in McKeesport. This draft was presented to him for payment, but he was unable to pay it, and this note, which is signed "Skelley Lumber Co., John K. Skelley, President," was tendered to plaintiff through defendant's attorney at San Francisco in lieu of payment. Plaintiff would not accept the note until it had been indorsed by Skelley and White, two of defendant's directors. The note is payable five months after date and included interest. The only defense to the action is that the president had no authority to sign the note, and therefore that it is void. Section 3 of Article 4 of the by-laws of defendant corporation reads as follows:

"The president shall be general executive officer of the corporation * * shall sign all stock certificates, written contracts, deeds, checks or warrants upon the treasurer, and shall perform generally all the duties usually appertaining to the office of president of a corporation. He shall have general charge (subject to the control of the board of directors) of the business affairs of the corporation, may sign and indorse bonds, bills, checks and promissory notes on behalf of the corporation, but he shall have no power to incur any debt on behalf of the corporation, without the previous consent of the board of directors. * *"

Upon the trial of the action before a jury verdict was rendered for defendant by direction of the court. Plaintiff appeals.                                      Reversed..

For appellant there was a brief over the names of *Mr. Otto Irving Wise* and *Mr. Albert Abraham* with an oral argument by *Mr. Abraham.*

For respondent there was a brief over the names of
*Mr. Frank G. Micelli, Mr. John T. Long* and *Mr. Charles
L. Hamilton* with oral arguments by *Mr. Micelli* and
*Mr. Long.*

Opinion by MR. CHIEF JUSTICE EAKIN.

There is but one question before us: Had the president
authority to sign the note? and this seems to be deter-
mined in favor of the plaintiff by the language of Article
4, Section 3, of the by-laws, by which he is made the
general executive officer of the corporation and is given
general charge of the business affairs of it, and is author-
ized to sign promissory notes on its behalf. By the
succeeding clause, it is provided that he shall have no
power to incur indebtedness, but in this case the liability
was incurred by the corporation which was adjusted and
the amount ascertained by it, and by its authority a draft
was issued upon itself for the payment of the amount,
which was presented to Skelley at McKeesport for pay-
ment, and he, being unable to pay the draft, executed the
note sued on as evidence of the debt. This was within
the express authority given him by the by-laws. It is
not questioned that the corporation owed the debt evi-
denced by the note.

The authorities cited by defendant's counsel in sup-
port of its contention, relating to the power of the manag-
ing agent of the corporation, are cases of implied author-
ity, and most of them are expressly placed upon the
ground that there was no express authority to the agent.
Cases in this court fully settle this question: *Crawford
v. Albany Ice Co.,* 36 Or. 535 (60 Pac. 14), upon which
defendant largely rests its case, recognizes the distinction
between the express and implied authority, in which Mr.
Justice BEAN says:

"No by-law or resolution was ever adopted by the cor-
poration authorizing its president and secretary or any one
else to make and execute promissory notes for or in its

behalf. * * It is elementary law that the president and secretary of a corporation, as such, have no power to bind the corporation by the execution of promissory notes or other contracts, but such authority 'must be derived from some by-law of the corporation, or some special order, or must be implied by some acquiescence or ratification on the part of the corporation.' "

And in *Baines* v. *Coos Bay Nav. Co.*, 45 Or. 307 (77 Pac. 400), after stating that Mr. Graham, the general manager of the defendant corporation, had no express authority to execute negotiable instruments on behalf of the corporation, Mr. Chief Justice MOORE says:

"The rule is general that no managing agent of the corporation * * possesses implied power to bind it by issuing, accepting or indorsing on its behalf negotiable instruments. * * The law requires that such an agent must possess express authority before he can bind his principals by putting in circulation negotiable instruments."

This is a statement of the general rule and then the opinion discusses the exceptions.

We think the by-law quoted is not of doubtful meaning, and disposes of the case against defendant's contention. In the by-law quoted the words in brackets—"subject to the control of the directors"—means that they may control his acts even in the matters expressly delegated to him, but, unless they do take some action, the acts authorized may be done by him without other authority from the board. That language is a reservation in the board of a right to control his acts, but the authority is complete in the matters enumerated until the board has affirmatively directed otherwise. See *Bates* v. *Keith Iron Co.*, 7 Metc. (Mass.) 224.

The judgment is reversed and the cause remanded.

REVERSED.