Argued October 30, reversed November 20, 1917, rehearing denied
January 15, 1918.

# BELL & CO. *v.* VOGT.

### (168 Pac. 724.)

**Corporations—Assignments for Creditors—Officer's Lack of Authority
to Execute.**

1. Where a corporation never authorized its president and secretary
to execute an assignment of assets for the benefit of all creditors, the
document executed by them is of no force and effect.

> [As to necessity of action by directors to validate corporate
> act, see note in Ann. Cas. 1912C, 300.]

**Corporations—Assignments for Creditors—Pleading—Admission.**

2. In suit wherein an accounting was sought from the alleged trus-
tee of an insolvent corporation, a paragraph of the answers, reading
that on or about a certain date the company was indebted to various
creditors in various sums of money, and orally requested defendant,
through its officers, to receive any moneys that might be collected
by the collector for the corporation, and to pay them out to various
creditors, which defendant orally agreed to do, did not admit an assign-
ment for the benefit of all creditors or any particular creditor, and
contained nothing whereon to base claim against defendant, alleged
trustee.

**Corporations—Assignments for Creditors—Suit for Accounting from
Alleged Trustee—Burden of Plaintiff.**

3. To give a creditor seeking an accounting from the alleged trus-
tee of an insolvent corporation any standing in court in such a suit,
the creditor must establish a valid assignment for creditors by the
corporation, in which the creditor has a beneficial interest.

From Wasco: WILLIAM L. BRADSHAW, Judge.

In Banc.    Statement by MR. JUSTICE BENSON.

This is a suit wherein an accounting is sought from
the alleged trustee of an insolvent corporation.    The
substance of the complaint is that the defendant cor-
poration, being insolvent, made a written assignment
of all its assets to defendant Vogt for the benefit of all
its creditors; that the latter accepted the trust, col-
lected large sums of money, but failed to disburse the
same in accordance with the terms of the trust, and
refuses to account for the same; that he has disbursed

a portion of such money contrary to the agreement and has turned over a large part of the money to defendant Sumner, who threatens to pay it out to persons who are not creditors of the corporation. It is also alleged that plaintiff is a creditor of the corporation and brings this suit in its own behalf and for all other creditors similarly situated. The prayer is for an accounting by the trustee, and by the defendant Sumner, the appointment of a new trustee, and a judgment for the amount of its debt.

The defendants Vogt, The Sumner Fruit & Produce Company and J. G. Sumner filed separate answers, each containing some denials and two affirmative defenses, the first of which contains this paragraph:

"That on or about the 21st day of May, 1915, the defendant, The Sumner Fruit & Produce Company, a corporation, was indebted to various creditors in various sums of money, and on or about said date, was the owner of a small amount of property and of some notes and accounts, and on or about said time, the defendant corporation, through its officers, orally requested this defendant to receive any moneys that might be collected by the collector for said corporation, and pay out the same to various creditors thereof, and this defendant orally agreed so to do and it was further orally agreed that an officer of the company, to wit: one Alan Bancroft, should collect said account and that this defendant should not have anything to do with the collection thereof."

The other allegations of the answers are not essential to the decision here.

A reply was filed and a trial was had wherein, when plaintiff rested his case, defendants moved for a nonsuit which was denied, whereupon defendants rested their case without offering any evidence and a decree was made and entered in favor of plaintiff from which defendants appeal. REVERSED. DECREE RENDERED.

For appellants there was a brief and an oral argument by *Mr. Robert R. Butler.*

For respondent there was a brief and an oral argument by *Mr. William H. Wilson.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. The one question for our consideration arises upon the action of the trial court in denying the motion for a nonsuit. The plaintiff's evidence discloses that on May 21, 1915, the president and secretary of the defendant corporation undertook to make an assignment of all of its assets for the benefit of all its creditors. This action, however, did not have the authority of the board of directors. Defendant Vogt did receive moneys collected by Alan Bancroft, secretary and manager of the corporation, to the amount of $790.60 of which Vogt applied $470.75 to the payment of the claims of certain specified creditors, leaving a balance of $319.85 which he turned over to defendant Sumner, as president of the corporation. The only evidence of any assignment for the benefit of creditors which was introduced by plaintiff was the attempted written assignment above mentioned. This instrument cannot avail the plaintiff as the foundation of its suit, for the reason that it affirmatively appears from a reading of the evidence that the corporation had never authorized its president and secretary to execute the same and it has been decisively held by this court that under such circumstances the document is of no force or effect: *Luse* v. *Isthmus Transit R. Co.,* 6 Or. 125 (25 Am. Rep. 506) ; *Wilson* v. *Investment Co.,* 80 Or. 233 (156 Pac. 249).

2, 3. Plaintiff urges, however, that proof of the assignment is not necessary for the reason that the several answers expressly admit an oral agreement to the same effect, and to establish this contention it points to the paragraph quoted *verbatim* in the statement, *supra.* We have read the so-called admission with great care and all that we can find therein is the averment that the defendant Vogt agreed to receive moneys collected by the corporation's collector and apply it to the payment of various creditors. There is nothing contained therein which admits an assignment for the benefit of all or of any particular creditor and nothing upon which the plaintiff could base a claim against the alleged trustee. To give the appellant any standing in court in a suit of this character, it must establish a valid assignment in which it has a beneficial interest. Failing to do this, the nonsuit should have been granted. The decree is reversed and one will be entered in accordance with the views expressed.

REVERSED. DECREE RENDERED.<br>REHEARING DENIED.