Decided at PENDLETON, July 18, 1896.

## MOODY *v.* RICHARDS.

1. TRIAL BY COURT—FINDINGS—CODE, §§ 218–220.—The consent of a party to submit his cause for trial without a jury is equivalent to a request for a special verdict necessitating a finding by the court on all the material issues involved under Hill's Annotated Laws of Oregon, §§ 218–220, providing that the right to a trial by jury may be waived and the issues of fact tried by the court, which must state the facts found.

2. FINDINGS BY COURT—ADMISSIONS IN PLEADINGS.—No findings of fact by the court are necessary in regard to facts admitted by the pleadings, (*Fink* v. *Canyon Road Company*, 5 Or. 302, and *Luce* v. *Isthmus Transit Railway Company*, 6 Or. 125, approved and followed,) and it has been held that all the facts may be stipulated, leaving only deductions of law to be made by the court, (*Frush* v. *East Portland*, 6 Or. 282,) but this is doubtful.

3. TRIAL BY COURT—FINDINGS OF FACT.—When a law action is tried before the court without a jury it is the duty of the court, of its own motion, to make findings of fact covering all the material issues made by the pleadings, and the findings so made are to be entered in the journal and constitute the foundation for the judgment. In the absence of a finding on matter essential to the right of action or the defense, the judgment must fail for lack of support.*

4. REQUEST FOR ADDITIONAL FINDINGS.—A party is entitled as a matter of right to a finding by the court on every material issue made by

---

* On the question of the findings being sufficient to support the judgment, see *Daly* v. *Larsen, post*, page,— — REPORTER.

the pleadings, and it is reversible error not to make and file such a finding without a request: *Hicklin* v. *McClear*, 18 Or. 138, and *Noland* v. *Bull*, 24 Or. 479, distinguished.

From Wasco: W. L. BRADSHAW, Judge.

This is an action brought to recover money alleged to be due on the breach of a contract. The substance of plaintiff's complaint is that he advanced to the defendant four hundred and thirty-nine dollars and eighty cents on account of the delivery of eighteen thousand seven hundred and fifty-two pounds of number one wheat at forty-six cents, and thirty-nine thousand four hundred and sixty-one pounds at forty-five cents per bushel, under an agreement that the wheat should be graded when shipped to Portland, Oregon, and that if there classed as an inferior grade, the defendant promised to repay, upon demand, the difference between the amount so advanced and the value of such grades at The Dalles, Oregon, at the time of its delivery; that the plaintiff shipped the wheat to Portland, where twenty-six thousand six hundred and seventy-four pounds thereof were found to be and graded as "number two," and thirty-five thousand one hundred and seventy-seven pounds as "rejected"; that the value of "number two" and "rejected" wheat at The Dalles at the time of its delivery was forty and twenty-five cents per bushel, respectively, and that the total value of the wheat so delivered was two hundred and ninety-seven dollars and eighty cents; that the difference between said value and the amount so advanced is one hundred and forty-two dollars, which the defendant agreed and prom-

ised to pay, and that, although demand therefor had been duly made, he neglected and refused to pay the same, or any part thereof. The defendant, after denying the material allegations of the complaint, except the demand for repayment, alleges that the wheat was delivered to the plaintiff upon an absolute and unconditional sale, at the respective prices paid therefor. The reply having put in issue the allegations of new matter contained in the answer, the cause was, by agreement of the parties, tried by the court, which, having made and filed a statement of its findings of fact and law, rendered judgment thereon against the defendant for one hundred and twenty-six dollars, from which he appeals.          REVERSED.

For appellant there was a brief and an oral argument by *Mr. W. H. Wilson.*

For respondent there was a brief and an oral argument by *Mr. Bela S. Huntington.*

Opinion by MR. JUSTICE MOORE.

1. The court having failed to find that the defendant agreed or promised to repay the difference between the values of "number one" wheat and the quality so delivered and graded, counsel for the defendant contend that the findings do not support the judgment; while plaintiff's counsel insist that no request having been made for more specific findings, the judgment is not subject to review on appeal. The right to a trial by jury may be waived by the

parties to an action, and the issue of fact tried by
the court, which must state the facts found, and
such findings shall be deemed a verdict, and, upon
being filed with the clerk during the term or within
twenty days thereafter, judgment may be entered
thereon: Hill's Code, §§ 218–220. If the statement
be considered as a general verdict, it must be pre-
sumed that every material issue made by the plead-
ings has been passed upon (*Shmit* v. *Day*, 27 Or. 110,
39 Pac. 870,) but Judge Thompson in his work on
Trials, § 2658, in speaking upon this subject says:
"Such a finding of facts is in the nature of a
special verdict, and is interpreted and its sufficiency
is determined by the same rule." The statute mak-
ing it incumbent upon the court to state the facts
found, the consent of a party to submit his cause
for trial without the intervention of a jury must be
construed as a request for a special verdict, which
necessitates a finding upon all the material issues
involved in the action.

2. Where any or all of the facts are admitted by
pleadings, there is no issue thereon for trial, and in
such case, so far as admitted, findings of fact are
unnecessary: *Luce* v. *Isthmus Transit Railway Com-
pany*, 6 Or. 125 (25 Am. Rep. 506); *Fink* v. *Canyon
Road Company*, 5 Or. 302. It has also been held
that if the parties agree as to the facts, and so stip-
ulate, there is no issue for trial except as to the
conclusions of law deducible therefrom, and hence a
statement of facts by the court is unnecessary, (*Frush*
v. *East Portland*, 6 Or. 282,) but the correctness of

the rule here announced may well be doubted, for the stipulations are no part of the judgment roll, except when made so by a bill of exceptions, (*Umatilla Irrigation Company* v. *Barnhart*, 22 Or. 389, 30 Pac. 37,) and it would seem to follow that a judgment entered in an action tried without the intervention of a jury, in which no statement of the finding of fact by the court had been made or filed with the clerk, would have no foundation upon which to rest.

3. It has been repeatedly held by this court that it is necessary for the trial court in an action tried before it to state the findings of fact upon all the material issues involved in the pleadings: *Fink* v. *Canyon Road Company*, 5 Or. 302; *Weissman* v. *Russell*, 10 Or. 73; *Drainage District* v. *Crow*, 20 Or. 535 (26 Pac. 845); *Pengra* v. *Wheeler*, 24 Or. 532 (34 Pac. 354); *Jameson* v. *Coldwell*, 25 Or. 199 (35 Pac. 245). The rule to be extracted from these decisions would seem to imply that the court should find and state the facts constituting the primary right of action or defense, the corresponding duty and breach thereof, and the injury resulting therefrom, and, as a conclusion deducible from the facts so found, the law applicable thereto. The findings when so made, filed, and entered of record in the journal, become a part of the judgment roll, and constitute the foundation which supports the judgment. The alleged promise of the defendant to repay the difference between the value of "number one" wheat and that of an inferior grade at the time

of its delivery was material, for the declaration must allege a promise on the part of the defendant, or it will be bad even after verdict (2 Encyclopedia of Pleading and Practice, 997), and hence it could not be stricken from the complaint without leaving it insufficient to support the action: Hill's Code, § 95. This allegation having been denied in the answer, raised a material issue upon which the parties were entitled to a finding by the court, and for the want thereof its findings failed to show a primary right of action, and no conclusion of the defendant's liability is deducible therefrom.

4. It is true the defendant did not request the court to make more specific findings, nor do we think it was incumbent upon him to do so, for if a request were essential to obtain a statement of the facts found upon a material issue, it would necessarily follow that without such request the court could disregard the plain provisions of the statute, and refuse to make any statement of its findings. In *Noland* v. *Bull*, 24 Or. at page 479, (33 Pac. 983,) LORD, C. J., in commenting upon the effect of the findings made by the trial court, says: " Preliminarily, it is claimed that the trial court failed to make certain findings of fact which the pleadings show were material and necessary. If that is so, the defendant should have applied to the trial court to make such findings, and if it refused, he could have excepted to the ruling, and brought the matter in an appropriate way to the attention of this court," and cites in support thereof the opinion of THAYER,

C. J., in *Hicklin* v. *McClear*, 18 Or. at page 138 (22 Pac. 1057). The case to which reference is made treats of the failure of the court to make material findings upon the evidence before it, and not to findings upon material issues, and as the learned chief justice in the principal case does not concede that there had been a failure to make findings upon material issues involved in the pleadings, we must conclude he referred to the failure to find upon material evidence only. The finding upon a material issue in an action at law may be dependent upon the existence of several subordinate issues of fact, but if the trial court makes a finding upon the ultimate fact as broad as the issue involved, the statement of facts so found, in the absence of a request for more specific findings upon the probative facts, will be held sufficient to support the judgment: *Luse* v. *Isthmus Transit Railway Company*, 6 Or. 125; *Hicklin* v. *McClear*, 18 Or. 138 (22 Pac. 1057); *Umatilla Irrigation Company* v. *Barnhart*, 22 Or. 389 (30 Pac. 37). The complaint having alleged an express promise to repay, the issue in question became material, and a finding thereon indispensable without any request therefor, aside from the agreement to submit the cause for trial by the court without the intervention of a jury, and the court having failed to state such finding of fact, no foundation was laid upon which the judgment could rest, and hence it is reversed, and a new trial ordered.                    REVERSED.