Argued March 18; decided September 21, 1896.

## DALY *v.* LARSEN.

[46 Pac. 143.]

TRIAL BY COURT—FINDINGS ON MATERIAL ISSUES.—The court sitting as
a jury should make findings of fact on the material issues made by
the pleadings, and unless it does so the case will be remanded for
further proceedings: *Moody* v. *Richards,* 29 Or. 282, approved and
followed.

From Multnomah: E. D. Shattuck, Judge.

The complaint herein contains twenty-seven sep-arate causes of action, all similarly stated. The de-fense to each of said causes set up in the answer is also of a like nature, so that it will only be nec-essary to an understanding of the case to summarize the pleadings of a single cause. By the complaint, in the one selected, it is set forth, in effect, that between the first and twenty-fourth days of July, eighteen hundred and ninety-four, one Joe Barhara, at the special instance and request of E. S. Larsen, performed work, labor, and services on his (Lar-sen's) contract to dig and construct an irrigating ditch or canal, and to clear certain lands in Wasco County, Oregon, of the reasonable value of ten and fifty hundredths dollars, no part of which sum has been paid except three and thirty-three hundredths dollars, leaving a balance due from defendant to Barhara of seven and seventeen hundredths dollars; that before the bringing of this action the last named sum and claim was for a valuable considera-tion duly assigned to plaintiff F. A. Daly. The answer consists of denials only, and controverts each and every allegation of the complaint. Trial was had before the court without a jury, which made but two findings of fact. The first is, in effect, that the assignment of four of the claims was not prop-erly evidenced, hence the plaintiff was without title thereto. By the second the court finds "That the following claims were duly issued by the agents of the defendant, and properly indorsed and transferred

to the plaintiff by the parties to whom they were issued, and therefore the said defendant is liable for the several amounts due on the said following claims, to wit:—

| " No. | Name. | Countersigned by. | Amount. |
|-------|-------|-------------------|---------|
| "5. | E. S. Burlingame | J. H. Crawford | $50 00 |
| "6. | E. S. Burlingame | J. H. Crawford | 50 00 " |

Then follows fourteen other names with the name of the person by whom countersigned and the amount of each claim, making a total of seven hundred and thirty-one dollars and fifty-eight cents. From this finding the court deduces the following conclusion of law: That the plaintiff is entitled to a judgment against the defendant for the sum of seven hundred and thirty-one dollars and thirty-eight cents, and for costs and disbursements of the action. Judgment was rendered accordingly, and the defendant appeals.      REVERSED.

For appellant there was a brief by *Messrs. Milton W. Smith* and *Walter S. Perry*, with an oral argument by *Mr. Smith.*

For respondent there was a brief and an oral argument by *Mr. George W. Hazen.*

Opinion by MR. JUSTICE WOLVERTON.

There is but one question in the case, and that is do the findings support the judgment? We think not. The several causes of action are for work and labor done and performed at the instance and request of the defendant, and the statement of each

contains all the allegations necessary to a recovery upon an implied contract. These were all controverted by the answer, and the findings of fact should have been as broad as the material issues made by the pleadings: *Drainage District Number Four* v. *Crow*, 20 Or. 535; *Pengra* v. *Wheeler*, 24 Or., at page 539; *Jameson* v. *Coldwell*, 25 Or. 199; and *Moody* v. *Richards*, 29 Or. 282 (45 Pac. 777). The court below seems to have treated the action as based upon the so-called time checks, and finds that they were duly issued, etc., but the plaintiff does not count upon these checks. They are evidence of indebtedness, and no doubt arose out of the transactions which plaintiff sets up, yet it is not deducible from the fact of their issuance that the alleged work and labor was done and performed, or that it was. so performed at the instance of defendant, all which plaintiff was called upon to prove in establishing the implied contract to pay the reasonable worth of such services, as well as to produce evidence from which its value might be determined. These are facts to be established *in invitum*, and it was therefore incumbent upon the court below to make its findings respecting them so that the law may be applied and judgment entered accordingly. Let an order be entered reversing the judgment, and remanding the cause for further proceedings.

                                                    REVERSED.