Decided at PENDLETON, 13 August, 1898.

## BREDING *v.* WILLIAMS.

[54 Pac. 206]

APPEAL—FINDINGS OF FACT.—It is the imperative duty of a law court *sua sponte*, when hearing a cause without a jury, to make findings of fact on all the material issues presented by the pleadings, and if this has not been done the case will be reversed: *Moody* v. *Richards*, 29 Or. 282, and *Daly* v. *Larsen*, 29 Or. 535, followed.

From Umatilla : STEPHEN A. LOWELL, Judge.

This is an election contest to determine whether Christ Breding or James Williams is entitled to the office of school director of district No. 69, Umatilla County, Or. The notice of contest alleges, in purport, that there was an election held in said district on the first day of March, 1897, at which the defendant received only nine legal

votes, and was declared elected ; that the plaintiff was a candidate at such election ; that six legal votes were cast for him thereat, and duly counted, and that, in addition thereto, John Richmond, Dan Richmond, Janet Dand, George Seevers, Gustave Eichner, Gus Schubert, Charles Thornton, and Hank Fanning, eight competent and qualified electors of the district, tendered their votes in writing for him for said office, but were prevented from casting such votes by the wrongful and fraudulent acts of the judges of said election, and that, if such votes had been received, they would have elected him to such office ; that the said John Richmond, Dan Richmond, Janet Dand, George Seevers, Gustave Eichner, Gus Schubert, and Charles Thornton were each and all qualified electors, in this : that each of them was a *bona fide* resident of said district, and had been for more than thirty days prior to such election, and was and had been a resident within the State of Oregon for more than six months prior thereto, and had property within the district upon which he paid a tax ; that Hank Fanning was a qualified voter, having a child over the age of 4 years and under 20, and having resided in the district for more than thirty days, and within the state for more than six months, prior to the election.    The answer puts in issue all the allegations of the notice of contest, except that Breding was a candidate for office, and, for further and separate defense, alleges certain facts showing the election of the defendant as director of said district at such school election, and affirmatively sets forth facts showing the disqualification of the persons and individuals whom plaintiff claims offered, but were not permitted to cast, their votes for him, and prays the dismissal of the complaint, and for his costs and disbursements.    The affirmative allegations of the answer were put in issue by the reply.    The judg-

ment of the court was in accord with the prayer of the
answer, and plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Still-
man & Pierce* and *John W. Haller*, with an oral argument
by *Mr. A. D. Stillman.*

For respondent there was a brief over the names of
*John J. Balleray* and *Marion A. Butler*, with an oral argu-
ment by *Mr. Balleray.*

MR. JUSTICE WOLVERTON, after stating the facts, de-
livered the opinion of the court.

There were no findings made or filed in the court be-
low, and it is urged that the judgment should be reversed
for want thereof.    Matters of contest of the nature here
for consideration are required to be heard and determined
by the court without the intervention of a jury, as actions
at law, in contradistinction to suits in equity ; and it is
a prerequisite that the court shall make findings of fact,
as this court will not look into the evidence except to as-
certain whether there is any to support a given conclu-
sion, nor will it try the case *de novo :*  Hill's Ann. Laws,
§ 2547 ; *Hughes* v. *Holman,* 23 Or. 481, 483 (32 Pac. 298) ;
*Hartman* v. *Young,* 17 Or. 150, 155 (2 L. R. A 596, 11
Am. St. Rep. 787, 20 Pac. 17) ; *Fenton* v. *Scott,* 17 Or.
190 (11 Am. St. Rep. 801, 20 Pac. 95).  We have
recently held that it is the duty of the court, when
sitting in the trial of a cause without the intervention
of a jury, to make findings of fact upon all the mate-
rial issues presented by the pleadings, failing in which
it would be cause for reversal of the judgment entered
without them, and that it is not necessary to a presenta-
tion of the question here that a previous request should

have been made for such findings : *Moody* v. *Richards*, 29 Or. 282 (45 Pac. 777); *Daly* v. *Larsen*, 29 Or. 535 (46 Pac. 143). Such request is requisite when findings are desired upon some collateral issue which may have arisen pertinent to the cause on trial, but not as to issues directly presented by the pleadings and material to the cause of action or defense : *Tatum* v. *Massie*, 29 Or. 140 (44 Pac. 494). Now, there were distinct issues of fact presented by the pleadings in the present contest, material to the cause of action and to the defense interposed thereto ; and, no findings having been made or filed touching any of them, it is apparent that the judgment made and entered has no sufficient basis for its support. The written argument and reasoning of the court in support of the judgment contained in the transcript cannot be treated as its findings of fact and conclusions of law. It follows that the judgment must be reversed, and the cause remanded for such further proceedings as may seem proper, not inconsistent with this opinion ; and it is so ordered.

REVERSED.

Decided at PENDLETON, 13 August, 1898 ; rehearing denied.