## BREDING *v.* WILLIAMS.

[61 Pac. 858.]

LAW GOVERNING SCHOOL ELECTIONS—DUTY OF JUDGES.

School elections are not governed by the provisions of the general election law—and if a qualified elector is challenged, the judge is not under any obligation to determine his right to vote as would be required at a general or special election.

From Umatilla: STEPHEN A. LOWELL, Judge.

Election contest by Christ Breding against James Williams to determine which one of them had been elected as school director. There was a judgment of dismissal, and plaintiff appeals.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. S. A. Newberry.*

For respondent there was a brief over the names of *John J. Balleray* and *Thos. G. Hailey*, with an oral argument by *Mr. Balleray.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a proceeding to contest the alleged election of the defendant to the office of school director of School District No. 69, Umatilla County, Oregon. It is averred, in effect, that at the annual meeting of said district held March 1, 1897, the plaintiff and defendant were qualified electors of said district, and candidates for said office, receiving six and nine votes therefor, respectively, whereupon the latter was declared duly elected; that eight

37 OR.—28.

other qualified electors of said district, whose names are given in the notice of contest, tendered to the judges of said election their ballots in writing, expressing their choice of plaintiff for said office, but the judges unlawfully refused to receive them, or any of them, though the electors were ready and willing to take the necessary oath respecting their qualifications; and that, if they had been permitted to vote, plaintiff would have received a majority of all the votes cast. The answer, having denied the material allegations of the notice of contest, averred that neither of the persons so named therein was an elector of said school district, stating wherein each was disqualified. The reply having put in issue the allegations of new matter in the answer, a trial was had, without the intervention of a jury, resulting in a judgment dismissing the proceedings, whereupon plaintiff appealed, and, it appearing that the court below failed to make the necessary findings of fact, the judgment was reversed on such appeal, and a new trial ordered : *Breding* v. *Williams*, 33 Or. 391 (54 Pac. 206). The cause having been remanded, the court, in pursuance of the stipulation of the parties, made its findings from the testimony theretofore taken, and, having again dismissed the proceedings, plaintiff appeals.

The court found, in effect, that there were at said school meeting twenty-two qualified electors, six of whom cast their ballots for the plaintiff and nine for the defendant; that G. Eichner and G. Seivers were legal voters, and in favor of the election of plaintiff, but, being under the impression that they would be required to swear that they were citizens of the United States, and not having fully completed their naturalization, neither of them offered to vote ; that J. Richmond, D. Richmond, H. Fanning, C. Thornton, and Mrs. J. Dand, qualified electors, tendered their respective ballots to the judges of the

election, but, having been severally challenged, neither of them insisted upon voting, or offered to be sworn respecting his qualification, whereupon said ballots were rejected, but, if they had voted, each would have cast his ballot for plaintiff; that there was a general and honest misunderstanding and lack of knowledge on the part of the directors and electors present at the annual meeting respecting the qualifications of the latter, and in case of doubt upon that subject a challenge was interposed, but that each of the persons whose ballots were rejected had the privilege of making oath to his qualifications, but neglected to do so, because he did not know whether, under the law, he was entitled to vote.

The election having been held prior to the amendment of Section 2609*, Hill's Ann. Laws (Laws, 1898, p. 22*), it is contended by plaintiff's counsel that, the electors having been challenged as disqualified, it forthwith became incumbent upon the chairman of the school meeting to administer to each an oath that he would truly answer all questions propounded to him touching his place of residence and qualifications as an elector at said meeting, and upon taking which to interrogate him respecting his citizenship in this state, his age, residence in the district immediately preceding the meeting, and whether he had property in the district upon which he paid a tax, or, if he had no property therein, whether he had children of school age to educate; and if, after answering such questions, the challenge was not withdrawn, to administer to each elector an oath in substance as follows: "You do solemnly swear (or affirm) that you are a citizen of this state; that you are twenty-one years old; that you have resided in this school district thirty days immediately preceding this meeting; that you have property in the district upon which you pay a tax; or (if the elector have no taxable property therein) that you

have children of school age to educate." · But the chairman having failed to perform his duty in these particulars, and the court having found that said electors were duly qualified, and that, if they had voted, they would have cast their ballots for the plaintiff, whereby he would have received a majority of all the votes cast, it erred in not directing that a certificate of election be issued to him, and in dismissing the proceedings. This contention is based upon the method of determining the qualifications of electors at general elections, as prescribed by Section 11 *et seq.*, Title I, Chapter XIV, of the general election laws of the state (2 Hill's Ann. Laws [ed. 1892], p. 1169, being Laws, 1891, p. 11, § 11), which provides that it shall be the duty of any elector to challenge any person offering to vote whom he shall know or suspect is not qualified, whereupon the chairman of the judges of election shall administer to the person so challenged a *voir dire* oath, and propound such interrogatories as may be necessary to test his qualification, and if he refuse to answer fully any question concerning his qualification as an elector his vote shall be rejected ; and after such examination, if such challenge is not withdrawn, to administer to him a final oath, the form of which is prescribed. It will thus be seen that when a challenge is interposed to an elector at a general election the duty of determining his qualification devolves upon the chairman of the judges, who, it would seem, must take active measures, and immediately try the issue raised by the challenge.

An examination of the statute to which attention has been called will disclose that the method prescribed therein applies only to general and special elections held in the several election precincts of the state : Laws, 1891, §§ 1, 9, 10. The general elections are held on the first Monday in June, 1892, and biennially thereafter (Const. Or. Art. II, § 14 ; 2 Hill's Ann. Laws, p. 1172), and on

the Tuesday next after the first Monday in November in every fourth year succeeding every election of the President and Vice President of the United States (Rev. St. U. S. § 131); while special elections to fill vacancies in the legislative assembly or in the office of representatives in congress are held at such times as the Governor, by his writ authorizing the same, may appoint (Const. Or. Art. V, § 17; Hill's Ann. Laws, § 2556). But annual meetings for the election of school officers in all organized districts containing less than five hundred qualified voters are held on the first Monday in March, while in school districts containing five hundred or more qualified voters such election is held on the second Monday in that month (Hill's Ann. Laws, § 2599), thus showing that school elections are not general, and, not being held in pursuance of the Governor's writ, they are not special; hence the rule invoked does not apply to the question involved. Thus, in *State* v. *Mahaey*, 19 Mo. App. 210, it was held that the chairman of a meeting of the qualified voters of a school district was not subject to the pains and penalties inflicted by the criminal law for rejecting the vote of an applicant for suffrage. So, too, in *Marion* v. *Territory*, 1 Okl. 210 (32 Pac. 116), it was held that the provisions of the general election law, known as the "Australian System," was not applicable to an election held in pursuance of the provisions of the school laws of Oklahoma Territory, to determine whether separate schools should be established for colored people. In *Kreitz* v. *Behrensmeyer*, 125 Ill. 141 (17 N. E. 232, 8 Am. St. Rep. 349), it was held that the voter who knows that his ballot was not accepted must insist upon his rights, and furnish the evidence required by the statute, to entitle his vote to be received. In *Blanchard* v. *Stearns*, 5 Metc. (Mass.) 298, it was held that, to enable a qualified elector to maintain an action against the selectmen for refusing to receive

his vote or for omitting to put his name on the list of voters, he must allege and prove that he furnished them sufficient evidence of his having the legal qualifications of a voter, and requested them to insert his name on the list of voters, before they refused to receive his vote or omitted to insert his name on such list. To the same effect, see *Lombard* v. *Oliver*, 7 Allen, 155.

In the absence of a statute the duty devolves upon the elector whose vote is challenged to produce the necessary evidence to establish his right of suffrage, if he insists upon its exercise. The legislative assembly has made no special provision respecting the determination of the qualification of electors at school meetings, and, the statute relating to general elections being inapplicable thereto, the judges of the election at said meeting could not be placed in default, so as to authorize the votes of these electors to be counted for the person of their choice, until they had done or offered to do all things necessary to prove their qualifications; but, said electors having failed to make or offer any proof, no error was committed in dismissing the proceedings : *Darragh* v. *Bird*, 3 Or. 229. There are other alleged errors assigned, but they are not argued in appellant's brief, and, deeming them unimportant, the judgment is affirmed. AFFIRMED.