Decided 21 April, 1902.

**WRIGHT v. RAMP.**

[68 Pac Pac. 731.]

41   285<br>42   561<br><br>41   285<br>46   187

SALES—NECESSITY OF FINDINGS ON MATERIAL POINTS.

It is a rule now well established in Oregon that where a law action is tried to a court without a jury findings of fact must be made on all material issues, otherwise the judgment cannot stand: as an example, in an action to recover for a monument contracted to be delivered by plaintiff to defendant, plaintiff is not entitled to recover as for a breach of the contract, without a finding that the monument was of the kind called for by the contract, or that it was such as defendant was bound to accept, whether the contract be treated as one of sale, or for work and skill and the materials upon which they are bestowed.

From Multnomah: ARTHUR L. FRAZER, Judge.

This is an action to recover damages for a breach of contract. On August 10, 1898, the plaintiff and defendant entered into a written contract, by the terms of which the plaintiff agreed to furnish to the defendant a granite monument of a certain description, and set it up in the cemetery at Salem, in May, 1899, or as soon thereafter as possible, in a good, workmanlike manner, "to be made of best stock and best work known to the marble and granite trade, free from * * any

defects whatever, or no pay for same," for which the defendant agreed to pay, on delivery, $350. · The monument not having been furnished within the month stated in the agreement, the defendant, on July 10, 1899, through her attorneys, called plaintiff's attention to the delay, and notified him that unless the monument was erected forthwith she would refuse to receive or pay for the same, and would not longer be bound by the contract. On September 9th his attention was again called to the matter, and he was notified that the defendant "must immediately take some steps to annul the contract, as it does not now appear that you have good reason for this unreasonable and unjustifiable delay." Thereafter, and on October 4th, the plaintiff shipped a monument to Salem, but the defendant refused to receive or accept it, because it did not comply with the contract, and notified the plaintiff that the contract was rescinded. A short time thereafter this action was commenced.

The complaint alleges that prior to its commencement the plaintiff duly tendered performance of the contract on his part, but that defendant, without cause, refused to allow him to comply therewith; that ever since its execution he has been, and now is, ready and willing to perform all of its terms and conditions, and would have done so but for the refusal of the defendant to permit him; that it was not possible to deliver and set up the monument prior to the time of such tender. The answer denies the tender or offer of performance, or that plaintiff has been, or now is, ready or willing or able to perform, and, for a further defense, alleges that, in disregard of the obligations of his contract to erect a monument in the month of May, 1899, or as soon thereafter as possible, the plaintiff came to Salem on or about the 4th of October with a broken and defective monument that was not artistically or properly finished, and then and there asked for a further extension of time until he could send for a new die to take the place of one that was broken and defective; that defendant thereupon notified him that he was already in default, and that she would not allow him additional time to supply the de-

fective portion of the monument, but would treat the contract as rescinded, for the reason that he had not furnished the work within the time agreed upon, nor was the monument the kind specified in the contract. A reply was filed, putting in issue the affirmative allegations of the answer, and, by agreement of the parties, the cause was tried by the court without the intervention of a jury. The court found from the evidence that plaintiff, in accordance with the terms of his contract, put in a foundation, had a monument transported from Vermont to Salem, and was about to set it up, when the defendant, without cause, refused to allow him to do so; that it was not possible to deliver and set up the monument at an earlier date; that plaintiff was and is ready and willing to perform all the terms and conditions of the contract on his part, and would but for the acts and refusal of the defendant, have performed and fully carried out the same; that the die of the monument which the plaintiff shipped to Salem was chipped or injured in transit, but that plaintiff had another of the same material and dimensions that he offered to furnish in place of the injured one; that, by the refusal of the defendant to allow plaintiff to comply with the terms of his contract, he was damaged in the sum of $290. A judgment was rendered in favor of the plaintiff, and defendant appeals.     REVERSED.

For appellant there was a brief over the names of *Bonham & Martin,* and *Gantenbein & Veazie,* with an oral argument by *Mr. Carey F. Martin,* and *Mr. Arthur L. Veazie.*

For respondent there was a brief and an oral argument by *Mr. Arthur C. Emmons.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

The record contains several assignments of error, based on the admission and rejection of testimony, which we do not deem it necessary to consider at this time, but shall confine our examination to the sufficiency of the findings of fact. Under

the pleadings, two questions of fact were presented: (1) Was there such a delay in the performance of the contract by the plaintiff as to justify the defendant in treating it as rescinded, and (2) did the monument that the plaintiff shipped to Salem fulfill the terms and conditions of his contract?

The first question is, perhaps, concluded by the findings, since the court found that it was not possible to deliver and set up the monument prior to the time the same was received at Salem. But there is no finding as to whether the monument was of the kind and quality called for by the contract. In a case of this kind, it is the duty of the vendor to deliver property corresponding with his contract. The vendee is not bound to accept a defective article and rely upon a claim for damages for indemnity, nor he is he bound to receive and pay for a thing he did not contract for or agree to accept. Mr. Mechem, in his recent work on Sales, after stating that the article delivered or demanded under the contract must be the article which the parties respectively agreed to buy and sell, and that, if they contracted in respect of a definite, ascertained, and existing article, nothing but that identical article will satisfy the contract, says: "Though the article is not definitely ascertained, or is not in existence at the time of the contract, if the undertaking is that the thing sold, when ascertained or in existence, shall be of a certain kind, or possess certain qualities or characteristics, then it is equally obvious that nothing but the article of the kind or with the qualities or characteristics agreed upon can satisfy the contract; and, again, the seller cannot be required to deliver something else, nor can the buyer be required to accept and pay for a thing different from that which he contracted to receive": Mechem, Sales, § 1155. See, also, Mechem, Sales, § 1372; *Reed* v. *Randall*, 29 N. Y. 358 (86 Am. Dec. 305); *Marble Co.* v. *Dryden*, 90 Iowa, 37 (57 N. W. 637, 48 Am. St. Rep. 417); *Meader* v. *Cornell*, 58 N. J. Law, 375 (33 Atl. 960). If, therefore, the contract in question is to be treated as a contract of sale, the plaintiff was bound to tender in performance thereof a monument that corresponded to the one specified in the contract,

and the defendant was not obliged to receive or accept a defective one. If the monument tendered did not correspond to the contract, she could refuse to accept it and rescind the contract: Mechem, Sales, § 1802; *Rubin* v. *Sturtevant,* 80 Fed. 930 (26 C. C. A. 259). And the same rule will apply if the agreement is to be construed as a contract for work or skill and the materials upon which it is bestowed: *Craver* v. *Hornburg,* 26 Kan. 94; *Moody* v. *Brown,* 56 Am. Dec. 640, and note. The character and quality of the monument offered by the plaintiff in performance of his contract was, therefore, a material issue in the case, and should have been directly passed upon by the trial court: *Tatum* v. *Massie,* 29 Or. 140 (44 Pac. 494); *Moody* v. *Richards,* 29 Or. 282 (45 Pac. 777); *Daly* v. *Larsen,* 29 Or. 535 (46 Pac. 143); *Breding* v. *Williams,* 33 Or. 391 (54 Pac. 206). There is no finding that the monument was of the kind called for by the contract, or that it was such a one as the defendant was bound to receive and accept, and, until that question is determined in favor of the plaintiff, he is not entitled to recover as for a breach of the contract. The judgment is reversed, and a new trial ordered.    REVERSED.