Argued 11 April, decided 22 May, rehearing denied 3 July, 1905.

## JENNINGS v. FRAZIER.

80 Pac. 1011.

TRIAL BY COURT—NECESSITY OF FINDINGS ON MATERIAL ISSUES.

1. Where an action at law is tried without a jury, it is the duty of the court on its own motion to make findings of fact covering all the material issues made by the pleadings.

FINDINGS ON INTERMEDIATE ISSUES.

2. Where either party desires findings on issues made by the evidence outside the pleadings, but deemed important for a presentation of the questions involved, the proper practice is to request the court to make such findings; and, without such a request, error cannot be predicated on its failure to do so.

For example: Where plaintiff alleged that a sale by defendant to the garnishees and the purchase by them was not bona fide, but was made in trust to defraud creditors, which was denied, and the court found that the sale was bona fide, without notice, and passed title, it substantially covered the issue, and, unless by special request, it was not the duty of the court to find as to whether the sale was made to defraud plaintiff, or whether the buyers were put on notice, or whether there was a valuable consideration, those all being minor points included within the general findings made.

FINDINGS ON ADMITTED ISSUES.

3. It is not necessary for a court to make findings covering facts admitted by the pleadings.

FRAUDULENT SALE—KNOWLEDGE OF VENDEE.

4. In order to avoid a sale of chattels on the ground of fraud, the vendee must have had notice of the vendor's fraudulent design.

FILING COST BILL PREMATURELY—NEW TRIAL.

5. If a judgment was prematurely entered, because entered the last day of term—the same day the findings were filed—it did not deprive a party of his right to file a motion for a new trial.

EFFECT OF NOT SERVING COST BILL.

6. Failure to serve the cost bill on the unsuccessful party before taxing costs is no ground for a reversal, the remedy being a proceeding in the trial court to correct the taxation.

From Multnomah: MELVIN C. GEORGE, Judge.

Action in support of a garnishment by O. O. Jennings against Wm. Frazier and others, resulting in a judgment for the garnishees, from which plaintiff appeals.                    AFFIRMED.

For appellant there was a brief over the name of *Bronaugh &
Bronaugh,* with an oral argument by *Mr. Jerry England Bro-
naugh.*

For respondents there was a brief and an oral argument by
*Mr. John Hicklin Hall.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is a proceeding by garnishment against Frazier & McLean
to subject certain property in their possession, formerly belong-
ing to the defendant Seed, to the payment of a judgment recov-
ered by the plaintiff against Seed. It is averred in the allega-
tions that on June 11, 1904, plaintiff commenced an action
against Seed to recover money, and that such proceedings were
thereafter had in such action that on November 3, 1904, a judg-
ment was duly rendered in his favor and against Seed for
$5,000; that an execution was immediately issued thereon, and,
together with a notice of garnishment, served upon Frazier &
McLean, to which they made answer that they had no property
in their possession or under their control belonging to Seed,
except two sets of harness, but that they had on the 29th of
October previously purchased of him one horse, three buggies,
and one old wagon. It is then averred:

"That said pretended sale and purchase was not bona fide, but
was and is wholly void, because the same was made by said J. S.
Seed to said Frazier & McLean in trust for said Seed, and for
the purpose of hindering, delaying, and defrauding this plaintiff
in the collection of his said debt, and said sale and transfer has
hindered, delayed, and defrauded this plaintiff in the collection
of said debt, which facts were well known to said Frazier &
McLean at the time of said pretended sale and purchase; that
said Seed is insolvent, and it is necessary, in order to satisfy said
judgment, that said sale be set aside * *."

It is also alleged that the value of the property alleged to
have been purchased by Frazier & McLean was $600. The
answer is a general denial of the averments of the allegation. A
trial was had without a jury, and the court found:

"First. That the sale of the horse and other personal property
made by J. S. Seed to Frazier & McLean was a bona fide sale,
without notice, and passed the title of said property to said
Frazier & McLean.

"Second. That at the time of the service of the garnishment upon Frazier & McLean by the sheriff of Multnomah County, as alleged in plaintiff's allegations in this proceeding, the said Frazier & McLean had no property in their possession or under their control, belonging to the said J. S. Seed, except as returned by them in their answer to the said garnishment.

"Third. That the answer of said Frazier & McLean to the said garnishment served upon them in this proceeding on the 3d day of November, 1904, was true."

And the court deduced the following conclusion:

"That William Frazier and Ellis McLean be dismissed hence without day, and that they have judgment for their costs and disbursements."

On the same day the findings of fact and conclusions of law were filed a judgment was entered in accordance therewith in favor of Frazier & McLean for $11, their costs and disbursements, without the service of a cost bill. From this judgment the plaintiff appeals, claiming that the court failed and neglected to find on all the material issues in the case, in that it did not find specifically whether the sale by Seed to Frazier & McLean was made by him for the purpose of defrauding the plaintiff, or whether Frazier & McLean had knowledge of facts at the time of the purchase sufficient to put them on inquiry as to Seed's intention in making the sale, if it was in fact fraudulent, or whether the sale was made for a valuable consideration.

1. Where an action at law is tried by the court without the intervention of a jury, it is the duty of the court on its own motion to make findings of fact covering all the material issues made by the pleadings, and such findings must be sufficient to sustain the judgment: *Daly* v. *Larsen,* 29 Or. 535 (46 Pac. 143) ; *Breding* v. *Williams,* 33 Or. 391 (54 Pac. 206).

2. But where either party desires findings on issues made by the evidence outside the pleadings, but deemed important for a presentation of the questions involved, the proper practice is to request the court to make such findings, and, without such a request, error cannot be predicated on its failure to do so: *Moody* v. *Richards,* 29 Or. 282 (45 Pac. 777) ; *Harris* v. *Harsch,* 29 Or. 562, 569 (46 Pac. 141).

Now, examining the pleadings in this case, it appears that the only material issue made by them is contained in paragraph three of the allegations, and is, in substance, that the sale of the property in question by Seed to Frazier & McLean, and the purchase by them, was not bona fide, but was made in trust and for the purpose of hindering, delaying and defrauding the plaintiff in the collection of his debt. This allegation is denied, and the issue thus presented was the only point in controversy in the case; and the court found from the evidence that the transaction was a bona fide sale, made without notice, and passed the title to the property to Frazier & McLean. This finding substantially covered the issue made by the pleadings. The plaintiff having averred that the purchase was not bona fide, but was intended as a transfer of the property to Frazier & McLean in trust for Seed, with the purpose of defrauding the plaintiff, the finding of the court negativing this view sufficiently covers the issue as fully as was required under the pleadings. If the plaintiff desired specific findings on the questions of fact going to determine the ultimate question whether the sale was bona fide and in good faith, he should have requested it. The only material finding he requested was that the sale was not bona fide, and it was in substance in the language of the allegation. The other findings requested were immaterial.

3. The averments in respect to the commencement of the action by the plaintiff against Seed, the recovery of a judgment therein, the issuance of execution thereon, and its service upon the defendants, and the return thereto, were admitted, and no findings were necessary: *Luse* v. *Isthmus T. Ry. Co.* 6 Or. 125, 130 (25 Am. Rep. 506) ; *Moody* v. *Richards,* 29 Or. 282 (45 Pac. 777).

4. It is also claimed that there was a total failure of evidence to sustain the findings as made, but in this counsel is in error. There seems to have been no direct evidence offered that the sale was made by Seed to hinder or defraud the plaintiff, nor is there any testimony to show that Frazier & McLean had notice of such a purpose on the part of Seed if it existed; and this would be necessary to avoid the sale, even though he made it with such a design: *Lyons* v. *Leahy,* 15 Or. 8 (13 Pac. 643, 3 Am. St. Rep.

133). Frazier testified that on the 29th of October, five days before the service of the garnishment process, Seed came to him at the barn of Frazier & McLean, where he had kept his horse and buggies for some time, and said that he wanted to sell them, and was willing to take $300 therefor; that he (witness) was engaged in the business of buying and selling such property, and, considering it worth the amount stated, he purchased it in the usual course of business, giving a check therefor, which check, marked "Paid," with Seed's indorsement, was offered and received in evidence; that after the purchase he and his partner immediately took possession of the property, and thereafter used it regularly in their business, hiring it out to their patrons. This testimony is corroborated by Dr. McLean, and is entirely uncontradicted. So there was evidence sufficient to support the findings.

5. It is contended that the judgment was erroneously entered the same day the findings of fact and conclusions of law were filed, and that the costs and disbursements were taxed without a copy of the cost bill having been served upon the plaintiff. It is suggested in one of the briefs that the findings of fact and conclusions of law were made and filed on the last day of the term, and the statute would seem to require that judgment shall be rendered during the term at which the findings and conclusions are filed: B. & C. Comp, § 201. But however this may be, if the judgment was prematurely entered, it did not deprive the plaintiff of his right to file a motion for a new trial: *Arrigoni* v. *Johnson,* 6 Or. 168.

6. The failure to serve the cross-bill, if service is required by the statute, will not justify a reversal of the judgment. Plaintiff's remedy was by some appropriate proceeding in the court below to correct the taxation of costs.

The judgment will be affirmed.          AFFIRMED.