Argued 7 Oct., decided 22 Oct., rehearing denied 17, Dec., 1907.

## FREEMAN *v.* TRUMMER.

91 Pac. 1077.

TRIAL—FINDINGS—REQUISITES.

1. When an action is tried without a jury, the findings are equivalent to special verdicts and must be as broad as the material issues.

SAME.

2. If findings support the judgment and conform to the theory of the prevailing party, they are sufficient.

REPLEVIN—FINDINGS—SUFFICIENCY.

3. In replevin, the findings support a judgment for defendant, where they conform to the new matter averred in the answer and disprove plaintiff's right, though there are no findings conformable to the complaint, no request having been made therefor.

EXCHANGE OF PROPERTY—DISTINGUISHED FROM SALE.

4. An "exchange," as distinguished from a "sale," is a contract whereby specific property is given in consideration of the receipt of property other than money.

REPLEVIN—NATURE OF REMEDY.

5. An action to recover the possession of specific personalty, though designated, under Section 284, B. & C. Comp., as "claim and delivery," is substantially the ancient remedy of replevin.

SAME—SET-OFF.

6. Replevin being in the nature of an action *ex delicto*, a set-off of accounts between the parties cannot be settled.

SAME—DEFENSES AVAILABLE.

7. In replevin for a cash register, defendant may show that plaintiff traded cash registers with defendant's bailee, knowing of defendant's ownership, and prevent plaintiff recovering his register until he returns defendant's.

From Multnomah: ARTHUR L. FRAZER, Judge.

Submitted on briefs under Rule 16 of Supreme Court.

For appellant that was a brief by *Mr. Marion B. Meacham.*

For respondent there was a brief over the names of *Mr. John F. Logan* and *Mr. John C. Shillock.*

Statement by MR. JUSTICE MOORE.

This action was commenced in the Justice's Court for Portland District to recover the possession of certain personal property, or the value thereof in case delivery cannot be had, and damages for the alleged unlawful detention; the complaint being in the usual form. The answer denied, generally, each allegation of the complaint, and for a further defense contains the following averments:

"1. That the defendant was the owner on the 1st day of May, 1905, and entitled to the possession of, and ever since has been and now is the owner of and entitled to the possession of, one National Cash Register of the value of $125.

2. That on or about May 1, 1905, during which time the said National Cash Register was in the possession of one W. M. White, said cash register being situated in the building known as No. 46 Fourth Street, in the City of Portland, County of Multnomah, State of Oregon, the plaintiff wrongfully and unlawfully converted said National Cash Register to his own use, and in place thereof left one certain Hallwood Cash Register, which is mentioned in paragraph 1 of plaintiff's complaint, and that said Hallwood Cash Register is now rightfully in the possession of the defendant, and the defendant holds said Hallwood Cash Register in trust until such time as the plaintiff returns the defendant's aforesaid National Cash Register, which is now held by plaintiff wrongfully and unlawfully."

The reply denied the allegations of new matter in the answer, and the issue having been tried the defendant secured a judgment to review which the plaintiff appealed to the circuit court

for Multnomah County, where the cause was tried by stipulation of the parties, without the intervention of a jury, and the following findings of fact were made, to wit:

"1. That the allegations complained of in plaintiff's complaint are not true, in so far as the plaintiff is entitled to the immediate possession of a certain Hallwood Cash Register of the value of $170, located and situated at 46 Fourth Street, in the City of Portland, Multnomah County, Oregon.

2. That the defendant was the owner on the 1st day of May, 1905, and entitled to the immediate possession of, and ever since has been and now is the owner of and entitled to the immediate possession of one National Cash Register of the value of $125.

3. That on or about May 1, 1905, during which time the aforesaid National Cash Register was in the possession of one W. M. White, said cash register being situated in the building known as No. 46 Fourth Street, in the City of Portland, Multnomah County, Oregon, the plaintiff wrongfully and unlawfully converted said National Cash Register to his own use, and in place thereof left one certain Hallwood Cash Register, which is mentioned in paragraph 1 of plaintiff's complaint, and the one for which this action of replevin is brought by the plaintiff, and that said Hallwood Cash Register is now rightfully in the possession of the defendant, and the defendant rightfully and lawfully holds said Hallwood Cash Register until such time as the plaintiff returns defendant's aforesaid National Cash Register, which is now held by the plaintiff wrongfully and unlawfully.

4. That at the time the plaintiff took the defendant's National Cash Register from the possession of W. M. White, and replaced the same by a Hallwood Cash Register, the plaintiff had full knowledge, and knew that the National Cash Register did not belong to the said W. M. White, but that the National Cash Register was owned by and belonged to the defendant.

5. That the plaintiff is not entitled to damages or his costs, but that the defendant is entitled to his costs and disbursements."

From the foregoing findings of fact, the following conclusions of law were made:

"1. That the defendant now is entitled to the immediate possession of the Hallwood Cash Register, and that he holds the same rightfully and lawfully.

50 OR. —— 19

2. That the plaintiff cannot recover the possession thereof until the plaintiff returns to the defendant the National Cash Register which he unlawfully withholds the possession of from said defendant."

Based on such findings, judgment was given for the defendant, from which the plaintiff appeals to this court.

AFFIRMED.

Opinion by MR. JUSTICE MOORE.

1. The only deduction announced by the court that is consistent with the averments of the complaint is the conclusion of law that the plaintiff is not entitled to the immediate possession of the demanded property, and, because no findings of fact were made conformable to the allegations of the plaintiff's primary pleading, his counsel insists that an error was thereby committed. Findings of fact made by a court, when an action is tried without the intervention of a jury, are equivalent to special verdicts, and must be based upon, and as broad as the material issues involved: B. & C. Comp. § 158; *Moody* v. *Richards,* 29 Or. 282 (45 Pac. 777) ; *Daly* v. *Larsen,* 29 Or. 535 (46 Pac. 143).

2. When a defendant controverts the allegations of a complaint by his answer, and also sets up facts intended to constitute a complete defense to the cause of action stated, he thereby presents a theory of the case that is usually inconsistent with the plaintiff's hypothesis, and the adoption of either legal principle by the court, after a trial of the issue without a jury, necessarily implies a rejection of the theory of the adverse party. If the findings of fact in such a case conform to the proposition, as evidenced by the material controverted averments of either party, and are adequate to uphold the judgment based thereon, the conclusion reached, as the result of a judicial investigation, is sufficient in law, though no findings are made in respect to the theory of one of the parties: *Lewis* v. *First Nat. Bank,* 46 Or. 182 (78 Pac. 990) ; *Jennings* v. *Frazier,* 46 Or. 470 (80 Pac. 1011).

3. When the plaintiff secures a judgment on the trial of an action without a jury, the court's findings of fact must conform

to the controverted material averments of the complaint; but when, in such case, the defendant obtains affirmative relief, the findings of fact must correspond with the essential disputed allegations of new matter in the answer. As the judgment must rest upon the allegations of the complaint or on the averments of new matter in the answer, the findings of fact which correspond with the respective theory assumed as true by the court, after a judicial inquiry, must conform to the pleading which assert such hypothesis, and as the selection of the theory of one of the parties necessarily implies the exclusion of the legal principle deducible from a statement of facts by the adverse party, constituting the cause of action or defense, no necessity exists for making a finding as to the rejected hypothesis, unless so requested for the purpose of reviewing the judgment. In the case at bar, the court having determined that the defendant was rightfully in possession of the Hallwood Cash Register, which he was entitled to hold until the plaintiff returned to him the National Cash Register, which he unlawfully obtained from White, such deduction, though in the nature of a conclusion of law, signifies that the plaintiff is not entitled to the immediate possession of the property in question. The findings of fact, made by the court, conform to the averments of new matter contained in the answer, and as they disprove the plaintiff's right, and no request having been made for findings compatible with the allegations of the complaint, no error was committed, as alleged.

4. It is also maintained by plaintiff's counsel that the averments of new matter in the answer do not constitute a defense to the cause of action stated in the complaint, and hence the findings of fact, based on such allegations, are insufficient to support the judgment. The abstract fails to show that any demurrer to the answer was interposed. The statute declares that an objection to a complaint, on the ground that it does not state facts sufficient to constitute a cause of action, is not waived by failure to demur or answer: B. & C. Comp. § 72. No such provision has been enacted in respect to an answer. In

view of the importance of the question involved, we will consider whether or not the findings of fact uphold the judgment, which might seem tantamount to holding that the section of the statute mentioned was applicable to an answer, a matter which is not intended to be decided. No bill of exceptions accompanies the abstract, and all the facts disclosed are hereinbefore detailed, from which it is impossible legally to determine whether the plaintiff secured the defendant's Register pursuant to a contract entered into with White, or obtained it without the latter's consent; but as the court found that the plaintiff knew that the National Cash Register did not belong to White, but was owned by the defendant, it is fairly inferable that an exchange of registers was effected by White and the plaintiff. An "exchange," as contradistinguished from a "sale," is a contract by the terms of which specific property is given in consideration of the receipt of property other than money: *Cooper* v. *State,* 37 Ark. 412.

5. What the conditions of the agreement were that was entered into between the plaintiff and White we have legally no means of knowing. An action to recover the possession of specific personal property, though designated in our statute as "claim and delivery" (B. & C. Comp. § 284), is substantially the ancient remedy of replevin: *Kimball* v. *Redfield,* 33 Or. 292 (54 Pac. 216).

6. The alleged unlawful taking or detention of the goods or chattels of another, which characterizes the pleading invoking the remedy, makes the judicial means of enforcing the right asserted in the nature of an action *ex delicto,* in which a set-off of accounts existing between the parties cannot be settled. In this state a liberal construction has been given to the defendant's pleading in actions of claim and delivery, and it has been determined that whatever demand he has that grows out of the same subject-matter as the plaintiff's claim will be available as a defense, if specifically alleged: *Guille* v. *Fook,* 13 Or. 577 (11 Pac. 277); *Nunn* v. *Bird,* 36 Or. 515 (59 Pac. 808).

7. It is inferred from the court's findings that the plaintiff

obtained from White, the defendant's bailee, the National Cash Register, and left in lieu thereof the Hallwood Cash Register. White having only a qualified right to the property, the legal title thereto did not pass by the exchange, and, if the plaintiff desired to recover the possession of the property in controversy, every principle of justice would seem to demand that, as a condition precedent to the exercise of his right, he should return the Register which he received. The plaintiff is, in effect, attempting to rescind his contract whereby he secured possession of the National Cash Register, and, because he obtained no title thereto, he ought to return such Register to the bailor, who has succeeded to White's possessory right to such property, before he is permitted to recover possession of the Register in question. The defendant could probably recover from plaintiff, in a separate action, the National Cash Register, or its value; but if he is obliged to resort to that remedy, and to surrender the possession of the Register which he holds, he would necessarily be liable for the costs and disbursements incurred in this action, which expenses ought not to be imposed upon him, when the loss which he would thus sustain, in consequence of the exchange, is attributable, in part, to the plaintiff's conduct. The demand set out in the answer grows out of, and is connected with, the exchange which forms the basis of the plaintiff's claim, and as the possession of the National Cash Register was obtained by plaintiff with knowledge of the defendant's rights, the former will not be permitted to take advantage of his own wrong, but will be compelled to return such Register as a condition precedent to securing the possession of the demanded personal property: *Latham* v. *Davis* (C. C.), 44 Fed. 862.

Believing that the findings of fact are adequate, the judgment is affirmed.                              AFFIRMED.