Argued October 2, reversed October 20, 1914.

# CLACKAMAS SOUTHERN RY. CO. *v.* VICK.

### (144 Pac. 84.)

**Trial—Trial by Court—Necessity for Findings.**

1. Under Article VII, Section 3, of the Constitution, as amended November 8, 1910, guaranteeing the right of trial by jury where the value in controversy exceeds $20, and Section 157, L. O. L., authorizing waiver of trial by jury by consent of the parties and assent of the trial court, Section 158, requiring the decision to be given in writing, stating the facts found and conclusions of law separately, and the findings and judgment to be entered in the journal in case of trial by the court, and Section 159, providing that the findings of the court upon the facts shall be deemed a verdict, a judgment on trial by the court, without findings of fact or conclusions of law, is void.

From Clackamas: JAMES A. EAKIN, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This is an action by the Clackamas Southern Railway Company, a corporation, against John H. Vick to recover the sum subscribed by the defendant for the corporate stock of the plaintiff.   The cause, being at issue, was tried without the intervention of a jury, and from the evidence taken the court, without making any findings of fact or of law, gave judgment for plaintiff, and the defendant appeals.

REVERSED and REMANDED.

For appellant there was a brief over the name of *Messrs. C. D. & D. C. Latourette,* with an oral argument by *Mr. D. C. Latourette.*

For respondent there was a brief over the names of *Mr. B. N. Hicks, Mr. O. D. Eby* and *Mr. Grant B. Dimick,* with an oral argument by *Mr. Hicks.*

MR. JUSTICE MOORE delivered the opinion of the court.

The right of trial by jury is guaranteed where the value in controversy exceeds $20: Article VII, Section 3 of the Constitution. The trial of an issue of fact may be waived, however, in actions on contract, by the parties and in other actions by consent of the parties and assent of the court: Section 157, L. O. L. When an issue of fact is tried by the court its decision shall be given in writing and filed with the clerk, and shall state the facts found and the conclusions of law separately. Such findings shall be entered in the journal and judgment given thereon: Section 158, L. O. L. The findings of the court upon the facts shall be deemed a verdict: Section 159, L. O. L. In construing these provisions of the statute it has been held essential that the court should, without any request therefor, make findings of fact on the issues essential to support the judgment given: *Moody* v. *Richards,* 29 Or. 282 (45 Pac. 777); *Daly* v. *Larsen,* 29 Or. 535 (46 Pac. 143); *Breding* v. *Williams,* 33 Or. 391 (54 Pac. 206); *Wright* v. *Ramp,* 41 Or. 285 (68 Pac. 731). When findings of fact as made conform to and are as broad as the material averments of one of the parties necessarily determining the judgment given in his favor, thereby negativing the legal hypothesis of the adverse party, no findings of fact are essential with respect to the allegations contained in the pleadings of the latter: *Lewis* v. *First National Bank,* 46 Or. 182 (78 Pac. 990); *Jennings* v. *Frazier,* 46 Or. 470 (80 Pac. 1011); *Freeman* v. *Trummer,* 50 Or. 287 (91 Pac. 1077); *Naylor* v. *McColloch, Mayor,* 54 Or. 305 (103 Pac. 68); *Henderson* v. *Reynolds,* 57 Or. 186 (110 Pac. 979); *Wells* v. *Great Northern Ry. Co.,* 59 Or. 165 (114 Pac. 92, 116 Pac.

1070, 34 L. R. A. (N. S.) 818, 825). In *Taffe* v. *Smyth,* 62 Or. 227 (125 Pac. 308) in construing Article VII, Section 3, of the Constitution as amended November 8, 1910, it was held that when in the trial of a cause without a jury the court made findings of fact as to six of the causes of action, but inadvertently omitted to make a finding as to the remaining cause, findings of fact would be made in respect thereto from an inspection of the entire evidence, when it appeared that a transcript thereof was made a part of the bill of exceptions. The decision in that case is based on the principle that the judgment rendered was supported in part by the findings as made which were equivalent to special verdicts. The final determination of the trial court, having thus some groundwork on which to rest such foundation, can be amended upon appeal by making an additional finding of fact in the manner indicated. Where, however, a judgment is rendered without findings of fact or conclusions of law, it has no foundation and is void: *Frederick & Nelson* v. *Bard,* 66 Or. 259 (134 Pac. 318).

The conclusion reached in the latter case necessarily determines this appeal, and, this being so, the judgment is reversed and the cause remanded for a new trial.

REVERSED and REMANDED.

MR. JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.