Argued November 23, affirmed December 27, 1921.

## ALLEN *v.* DODGE ET AL.

(202 Pac. 717.)

**Bankruptcy—Evidence Held to Show Grantee Paid Adequate Consideration from Her Own Money.**

1. In a suit by a trustee in bankruptcy to set aside as fraudulent conveyances made to the fiancée of the debtor of lands in which the debtor was alleged to have an interest, the fiancée's uncontradicted testimony that she paid for the conveyances a sum of money from her own earnings, which the weight of the other evidence showed was an adequate price for the land, establishes that the conveyances to her were for valuable consideration.

**Fraudulent Conveyances—Allegation Defendant Holds Property With Intent to Defraud is Insufficient.**

2. Under Section 10174, Or. L., providing that the provisions of that chapter on fraudulent conveyances shall not impair the title of a purchaser for valuable consideration, unless he had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of grantor, an allegation merely that the purchaser was holding the title with intent to defraud the creditors of a previous grantor is insufficient.

From Marion: GEORGE G. BINGHAM, Judge.

Department 2.    AFFIRMED.

For appellant there was a brief over the names of *Mr. Grant Corby* and *Mr. Wilson T. Hume,* with an oral argument by *Mr. Corby.*

For respondents there was a brief over the names of *Messrs. Carson & Brown* and *Mr. E. P. Morcom,* with an oral argument by *Mr. Brown.*

BURNETT, C. J.—This is a suit by the plaintiff as trustee in bankruptcy to set aside conveyances of real property which the complaint avers to have been made for the purpose of defrauding the creditors whom the plaintiff represents. The three defendants

are thus described: Jane Dodge, a widow, is the mother of Edgar Dodge; Vena L. Dodge, now the wife of Edgar Dodge, is one and the same individual as Vena L. Clubb. There are three descriptions of real property mentioned in the complaint, but according to the testimony there are but two tracts. The larger contains forty acres and will be called "the forty-acre tract." The smaller one contains by the metes and bounds of description 5.99 acres and for convenience will be called "the six-acre tract." Included in this six-acre tract, as the testimony discloses, is a right of way which is not described in the complaint by anything that will tie it to legal subdivisions.

It is declared by the complaint that Jane Dodge conveyed the forty-acre tract to Edgar in 1911, and that the latter in October, 1918, with the intent to defraud his creditors, reconveyed the forty-acre tract to his mother, Jane Dodge, who in turn, about November 1, 1918, with like intent, conveyed that parcel of land to Vena L. Clubb.

As to the six-acre tract, the history of the transaction as given by the plaintiff is, that about March 2, 1917, Jane Dodge and Walter Dodge, who is a brother of the defendant Edgar Dodge, together with Velma Dodge, wife of Walter, executed a deed conveying the property to Wilson, subject to a certain agreement in writing whereby it was provided that Wilson was to hold the legal title in trust for Edgar Dodge. The complaint goes on to state that about October 23, 1918, Edgar Dodge, with intent to cheat his creditors, caused Wilson to convey the six-acre tract to one Workman for the use and benefit of Dodge, and still further, on March 9, 1918, Edgar Dodge with the like

intent caused Workman to convey to Vena L. Clubb. Concluding, the complaint makes this averment:

"That all of said real property was conveyed as hereinbefore alleged to said Vena L. Clubb, now defendant Vena L. Dodge, without consideration and with intent and for the purpose to cheat, hinder, delay and defraud the said creditors of said defendant Edgar Dodge, and the legal title thereto is now held by said defendant Vena L. Dodge with intent and for the purpose to cheat, hinder, delay and defraud the said creditors of said Edgar Dodge and plaintiff as trustee in bankruptcy, for said creditors and said bankrupt's estate."

The answer of Edgar Dodge and Vena L. Dodge challenges the complaint in material particulars, especially all allegations of fraud and trust in favor of Edgar Dodge, and affirmatively traces the title from Jane Dodge to Vena L. Dodge, nee Clubb, who claims to have paid adequate and valuable consideration for the conveyances to her, in good faith and without notice of any wrongful intent of any of her grantors.

Separately answering, Jane Dodge makes denials like those of the other answer and sets up a history of the transaction in much the same terms as that answer.

In turn, the reply traverses the new matter in the answers, except as stated in the complaint.

The Circuit Court heard the testimony, made findings of fact and rendered a decree in favor of the defendants, dismissing the bill, and the plaintiff appeals.

Vena L. Clubb married Edgar Dodge December 10, 1918, which was after all the conveyances in question had been executed. It appears in testimony that she had kept company with Edgar Dodge for several years and was probably engaged to be married to him when she took the conveyances. She testifies, and

there is nothing to contradict her testimony, that she knew nothing of his financial circumstances. For several years she had been employed in some capacity in the city government of Eugene and had saved substantially all her salary. She enlisted as a yeomanette in the United States navy and was in that service from March, 1918, to May 24, 1919. Her salary while in government service was $115 a month, and she received $35 a month in an allotment given her by her brother, who was also in government service, as an enlisted man. The evidence is without dispute that the defendant Edgar Dodge never had any interest or estate in the six-acre tract, and there is no evidence that any one took title to it in trust for him. Miss Clubb bought that tract from Workman, who was a successor in interest of Wilson, paying Workman $800 in cash as the purchase price. There is no testimony that Edgar Dodge furnished any money whatever for any of the conveyances to Miss Clubb, either of this or the forty-acre tract.

The latter tract was subject to a mortgage of $2,850, while the title was in Jane Dodge. Miss Clubb paid Jane Dodge $1,350 for the tract on condition that the mortgage should be reduced to $2,000. Jane Dodge acceded to the proposition; took the $1,350, applied enough of that payment to reduce the mortgage to $2,000 and remortgaged the land to another party for that amount.

1. There is nothing to dispute the source of Miss Clubb's earnings, or her absolute ownership of the money which she handled. It was clearly her money which went into the land. There is no testimony to show that she knew anything about the financial condition of Edgar Dodge or of any intent on his part

or that of anyone else to hinder or defraud his creditors.

As to the value of the property, the only testimony for the plaintiff is that of the witnesses Scott and Lafky. They have only a general knowledge of bottom land in Marion County and they put the value at from $125 to $150 an acre. On the other hand, witnesses who are immediately familiar with the land and live in its vicinity appraise it at from $70 to $80 an acre. The witness Hurley, testifying for the defendants, described the land as subject to overflow and wash by the waters of Butte Creek, and stated that it is infested with Canada thistle and wild mustard, and portions of it have on them small oak grubs that have grown up after slashing, rendering it difficult to cultivate or harvest any growing crop. From this testimony about the actual condition of the land we conclude that the price paid was not out of proportion to the actual value of the property, at least not so grossly inadequate as to shock the conscience of a chancellor.

2. Section 10174, Or. L., being part of the chapter on fraudulent transfers of property, reads thus:

"The provisions of this chapter shall not be construed in any manner to affect or impair the title of a purchaser for a valuable consideration, unless it appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

Without question, Miss Clubb earned and furnished the money for the purchase price of the conveyances which she took to the land. It is not averred in the complaint that she had previous notice of the fraudulent intent of her grantor. The most that is stated in that pleading as against her, is that she now holds

the property with intent and for the purpose to cheat and defraud Edgar Dodge's creditors. This falls far short of the condition precedent noted in the statute, of "previous notice of the fraudulent intent of her immediate grantor." The case of the plaintiff is thus defective in allegation, as well as in proof. If Miss Clubb had accumulated money enough to enable her to support a husband, it was her right to buy property for a home and marry her codefendant. She paid a valuable and apparently adequate consideration for the land. It is neither averred nor proved that she had previous notice of any wrongful intent on the part of her predecessors in title. The circuit judge who saw and heard the witnesses was clearly correct in his decision, both as to the law and the facts.

These subjects are treated in *Jennings* v. *Frazier,* 46 Or. 470 (80 Pac. 1011); *Ball* v. *Danton,* 64 Or. 184 (129 Pac. 1032); *Coffey* v. *Scott,* 66 Or. 465 (135 Pac. 85); *Sabin* v. *Kyniston,* 81 Or. 358 (159 Pac. 69); *Vogt* v. *Marshall-Wells Hardware Co.,* 88 Or. 458 (172 Pac. 123); *Farmers' National Bank* v. *Renfro,* 94 Or. 260 (184 Pac. 564).

The decree of the Circuit Court is affirmed.

AFFIRMED.