Argued September 19, reversed and remanded September 25, 1917.

## McPHEETERS v. SMITH.

(167 Pac. 575.)

**Trial—Findings of Fact—Necessity.**

1. In an action for the price of a piano conditionally sold, where the sole defense was that the quality of the instrument was misrepresented by plaintiff, a judgment for the return of the piano could not be sustained, in the absence of a finding of fact as to whether the quality of the instrument was misrepresented.

**Trial—Findings of Fact—Necessity—Requests.**

2. Where the findings are sufficient to justify a judgment for one party, and the other party fails to object to them, or to request findings conformable to his theory, the findings made will stand; but such is not the rule where the findings made are insufficient to justify a judgment for either party.

From Multnomah: Henry E. McGinn, Judge.

Action by Joseph McPheeters against Dr. N. L. Smith, in which findings were made and a judgment rendered thereon in favor of defendant, and plaintiff appeals. Reversed and remanded.

Department 1. Statement by Mr. Chief Justice McBride.

This is an action to recover upon a conditional sale, note, and contract for the purchase of a piano. In his answer defendant alleges fraud and misrepresentation as to the character and quality of the instrument. The matter in the answer having been put in issue by appropriate denials the following findings were rendered:

"The contract was made as is alleged and agreed upon; the price of the piano was grossly in excess of its market value; the defendant has paid more than the value of the piano in installments; the defendant has agreed and offered to return the piano, forfeiting all payments made; the plaintiff refuses to accept the piano because invention has greatly improved the

piano and has made the old piano one of the middle ages; the plaintiff will not take back the piano because he wants judgment for the unpaid balance.''

The court decreed:

''The court having heretofore prepared and filed its findings of fact and conclusions of law herein, and it appearing therefrom that the plaintiff is entitled to a judgment for the return of the piano described in the defendant's answer and referred to in said findings of fact, and that neither party shall recover costs and disbursements, it is, therefore, ordered and adjudged that the defendant be and he is hereby required to deliver and the plaintiff is hereby required to accept the return of the piano described in the answer of the defendant herein, to wit, a Ferrand Cecelia piano, and that neither party recover costs in said action.''

There was no request by either party for further or additional findings, and there is no bill of exceptions.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. Boon Cason.*

For respondent there was a brief over the name of *Messrs. Bernstein & Cohen,* with an oral argument by *Mr. Alex Bernstein.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. Defendant in his answer while first formally denying the contract practically admits that he made it, suggesting only certain immaterial variations, and asks to be relieved from it because the quality of the instrument was misrepresented to him by the seller. This was substantially the sole issue made by the pleadings. It was an affirmative defense, and before defendant could have a judgment releasing him from what was otherwise his confessed legal obligation to

pay for the instrument there should have been a finding of facts showing that the defense was true. This is the holding in *Freeman* v. *Trummer,* 50 Or. 287 (91 Pac. 1077). Here there is no finding upon the only issue upon which defendant depended to exonerate him from payment, in fact no finding upon any material issue in the case, and, therefore, nothing upon which to base a judgment.

2. Where the findings are sufficient to justify a judgment for one party, and the other party fails to object to them or to request findings conformable to his theory, the finding made will stand, but such is not the rule where the findings made are insufficient to justify a judgment for either party. It is to be regretted that the appealing party did not bring up the evidence by a bill of exceptions as we might then have been enabled to dispose of this small case without a new trial; but in the present condition of the record the judgment must be reversed and a new trial ordered.                    REVERSED AND REMANDED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE BEAN concur; MR. JUSTICE HARRIS not sitting.